# IN THE COURT OF APPEALS OF IOWA

No. 16-0336
Filed May 17, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LEONARD DRAPER JR.,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Clinton County, Mark J. Smith (plea) and Mark R. Lawson (sentencing), Judges.


A defendant challenges his guilty pleas. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Leonard Draper Jr. pleaded guilty to second-degree burglary and domestic abuse assault causing injury—second offense. On appeal, he contends his counsel was ineffective in allowing him to enter a guilty plea to the assault charge without a factual basis in the record. Draper also claims counsel was ineffective for not challenging the district court's failure to accurately inform him of the maximum and minimum fines and surcharges. Because the record contains a factual basis, Draper suffered no prejudice from his counsel's performance. Finding the record inadequate to resolve Draper's second challenge in the specific circumstances of this case, we affirm his convictions and preserve this claim for possible postconviction proceedings.

## I.     Background Facts and Prior Proceedings

According to the minutes of evidence, on the morning of September 23, 2015, thirty-three-year-old Draper broke into the apartment where his girlfriend, Ashley, lived and threatened her while holding a knife to her throat.[1] Ashley demanded Draper leave, but he refused. When Ashley screamed, Draper held his other hand over her mouth to quiet her, and she bit his hand. Draper responded by punching her in the head. When Draper moved to shut an open window, Ashley fled. A witness told the police Ashley ran screaming from her apartment at 7:40 that morning, "saying her boyfriend was attempting to kill her." Draper left in his car, and Ashley called 911. The minutes contain photographs of Ashley's injuries and the responding officer's statement: "I photographed a

---

[1] Draper and his girlfriend have a child together.

contusion/hematoma to [Ashley's] forehead and red mark on the right side of her neck, which she said were from Draper assaulting her."

The State filed its trial information on October 15, 2015, alleging three counts: (I) burglary in the first degree; (II) domestic abuse assault causing injury, second offense;[2] and (III) domestic abuse assault while displaying a weapon. As part of a plea bargain with the State, Draper agreed to enter a plea to the lesser-included offense of second-degree burglary, a class "C" felony. *See* Iowa Code §§ 713.1, .5(1)(b) (2015). He also agreed to plead guilty to the aggravated misdemeanor assault as charged in count II. *See id.* §§ 708.1, .2A(1), .2A(3)(b). Finally, Draper agreed to pay restitution for all three counts. In return, the State agreed to dismiss count III and to recommend a suspended sentence on the burglary charge and concurrent sentences. Under the agreement, the State was free to make any sentencing recommendation on the assault offense.

On December 18, 2015, Draper filed a written guilty plea to the assault offense, stating, "in addition to the minutes of testimony, my plea is supported by the following factual basis"—"I did assault another with whom I have a child. Said assault resulted in bodily injury." The written plea form stated: "[T]he Court can sentence me to prison not to exceed two years, and a fine between $625 and $6250.00, plus surcharge court costs."

That same day, Draper and his counsel appeared before the court, where a record was made of the plea agreement. The court accepted Draper's written plea agreement. The court then explained the maximum penalties for burglary: an indeterminate prison term of ten years and a $10,000 fine. The court did not

---

[2] On April 17, 2015, Draper was convicted of domestic abuse assault—first offense.

tell Draper the minimum penalty for burglary or discuss surcharges on the fine, which included a mandatory $125 law enforcement initiative (LEI) surcharge. *See id.* §§ 911.1 (requiring 35% surcharge), .3(1)(a) (requiring LEI surcharge). On the assault charge, the court misinformed Draper at the hearing that the maximum fine was $5000 when it actually was $6250. The court likewise did not mention surcharges on the fine, which included a mandatory $100 surcharge. *See id.* § 911.2(b) (stating the district court "shall assess a domestic abuse assault" surcharge). Draper pleaded guilty to both crimes, acknowledging he understood the court's statement that it could "only sentence you to the sentences I have gone over with you."

When asked about a factual basis for the assault, Draper said he and Ashley were arguing and he "grabbed her" and "pushed her around" and "had no reason to put [his] hands on her." Draper also told the court he threatened Ashley with a knife. The court accepted his pleas, ordered a presentence investigation (PSI) report, and set a date for sentencing. After explaining the process for filing a motion in arrest of judgment, the court concluded the hearing. Draper did not file a motion in arrest of judgment. The PSI report recommended incarceration "due to the severity of the offense, including injuries to the victim."

At the January 21, 2016 sentencing hearing, the court imposed an indeterminate ten-year term on the burglary count, with credit for time served, and a fine of $1000. The court suspended the fine and the term of imprisonment and placed Draper on probation for three years, unless he was released sooner upon the probation officer's recommendation to the court. The court also ordered Draper to pay a $125 law enforcement initiative (LEI) surcharge.

On the assault count, the court ordered Draper to spend 270 days in the county jail with credit for time served. The court also ordered Draper to "pay a fine of $625, which is hereby suspended."

The court directed that the two sentences run concurrently. The sentencing order entered after the hearing provided Draper "shall pay the costs of this action . . . the $125 LEI surcharge under Count I, and all other applicable surcharges and fees as deemed appropriate by the Clerk of Court."

Draper now appeals.

## II. Error Preservation and Scope and Standard of Review

Because the court informed Draper about the necessity of filing a motion in arrest of judgment and the consequences of not doing so, he has waived any objections to the plea proceeding. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Recognizing this waiver, he challenges the validity of his guilty plea on direct appeal by asserting his plea counsel was ineffective. *See id.* at 642.

We review Draper's claim of ineffective assistance de novo because it is grounded in the Sixth Amendment. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Draper must prove, by a preponderance of evidence, his plea counsel breached an essential duty and the breach resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). For the prejudice prong, Draper "must prove that, but for counsel's breach, there is a reasonable probability [he] would have insisted on going to trial." *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). We generally preserve claims of ineffective assistance of counsel for postconviction-relief proceedings. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). But where the record is

adequate to address the issue, we will resolve the claim on direct appeal. *See id.*

### III. Factual Basis

Draper first claims his counsel was ineffective in allowing him to enter a plea to domestic abuse assault without a factual basis. He contests the "causes bodily injury" element. *See* Iowa Code § 708.2(2). Without acknowledging other portions of the record, Draper argues his written statement, admitting his assault "resulted in bodily injury" was insufficient. He draws a distinction between "causing" injury to the victim and the victim's injury "resulting" from the incident.

The State contends the factual-basis requirement is met by looking at Draper's written statement and the minutes of evidence in combination. Specifically, the minutes include Ashley's statement to police that her head injuries "were from Draper assaulting her."

The district court may not accept a guilty plea without first determining it has a factual basis. Iowa R. Crim. P. 2.8(2)(b). Where a factual basis does not exist and counsel allows a defendant "to plead guilty anyway, counsel has failed to perform an essential duty." *Schminkey*, 597 N.W.2d at 788. In the absence of a factual basis, courts presume prejudice by counsel's breach of duty. *Id.* Proof of a factual basis does not require the same evidence as needed at a trial to prove guilt beyond a reasonable doubt. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the [plea-taking] court may be examined." *Id.*

Viewing the record in the context of these principles, we find the State's position persuasive. In addition to Draper's written statement and his admission at the plea hearing that he pushed Ashley and had no reason to put his hands on her, the minutes of testimony show Draper punched Ashley in the head and Ashley attributed her injuries to Draper's attack on her. Because the record before the plea-taking court shows an objective factual basis that Draper's actions caused a bodily injury to Ashley,[3] Draper's counsel was not ineffective in failing to challenge the factual basis for his plea.

### IV.	Maximum and Minimum Punishments—Surcharges

Rule 2.8(2)(b)(2) requires the plea court to tell Draper the "mandatory minimum punishment, if any" and the "maximum possible punishment" before accepting his guilty plea. *See State v. Fisher*, 877 N.W.2d 676, 685 (Iowa 2016). A defendant pleading guilty has a right to be informed of surcharges levied on fines. *Id.* at 678, 686 ("For rule 2.8 purposes, we see no meaningful difference between a fine and a built-in surcharge on a fine."). Because he did not receive complete information about the potential financial consequences of his guilty pleas, Draper contends his plea counsel provided ineffective assistance.

Initially, Draper asks us to adopt the reasoning of the dissent in *Straw* and apply a per se prejudice rule to ineffective-assistance-of-counsel claims where the district court did not "substantially comply" with rule 2.8(2)(b). *See* 709

---

[3] Because we conclude Draper's written statement, his admissions at the plea hearing, and the minutes of testimony, taken together, provide an objective factual basis for the causation element, we need not determine whether Draper's written statement alone would provide a sufficient factual basis. *See State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005) ("The defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element.").

N.W.2d at 145 (Lavorato, J., dissenting). We are not at liberty to do so. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

In the alternative, Draper asks us to preserve his ineffective-assistance claim for postconviction proceedings so he may make a record regarding prejudice. We now analyze whether the record is adequate to address this claim. Our supreme court instructs: "Under the 'reasonable probability' standard, it is abundantly clear that most claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial" than the direct-appeal record. *Straw*, 709 N.W.2d at 138.

The court suspended Draper's fines, resulting in suspension of the 35% surcharges on those fines. *See* Iowa Code § 911.1(3) (providing "[w]hen a fine . . . is suspended in whole or part," the surcharge is suspended in the same proportion). But the court also ordered Draper's sentences to run concurrently, or operate at the same time, which makes him "entitled to discharge on completion of the term served under the longest sentence." *See State v. Harrison*, 468 N.W.2d 215, 217 (Iowa 1991). The court did not tell Draper what would happen to the fines (and surcharges) in the event Draper did not satisfy the conditions of his three-year probation. *See id.* Thus, we cannot rule out the possibility his fines and surcharges could be re-imposed. *But see State v. Thompson*, No. 15-1718, 2016 WL 7403732, at *2 (Iowa Ct. App. Dec. 21, 2016) (noting "Thompson cannot establish that he would have gone to trial due to the existence of a surcharge he was never going to be required to pay" due to suspension of fine). Further, the court could not suspend the $125 LEI surcharge or the $100 domestic abuse surcharge, and the court did not inform Draper of

either surcharge at the plea hearing. *See* Iowa Code §§ 911.2(b), .3. Finally, there is nothing in the direct-appeal record as to whether Draper's trial counsel had advised him of the specific surcharges before the plea hearing. Such evidence is significant to a prejudice analysis, regardless of our view of the potential viability of Draper's underlying claim. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Because we conclude the record is not adequate to resolve this claim in the specific circumstances of this case, we affirm Draper's convictions and preserve his claim alleging deficiencies in the plea colloquy for possible postconviction proceedings. *See State v. Marcott*, No. 16-0869, 2016 WL 7393946, at *4 (Iowa Ct. App. Dec. 21, 2016) (preserving similar challenge); *see also State v. Trustin*, No. 16-0631, 2016 WL 6902873, at *1 (Iowa Ct. App. Nov. 23, 2016) (finding no prejudice where defendant told court he wanted to enter a plea "even after being told 'there might be' additional surcharges"); *State v. Terrell*, No. 16-0181, 2016 WL 6637544, at *1-2 (Iowa Ct. App. Nov. 9, 2016) (finding no prejudice where written plea agreement set out the $125 LEI surcharge, defendant was sentenced to concurrent five-year terms, State noted the applicable surcharges at sentencing, and court sentenced defendant to "the [thirty-five] percent surcharge" and suspended fine).

**AFFIRMED.**