**IN THE COURT OF APPEALS OF IOWA**

No. 15-1449
Filed April 6, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICHARD OSMOND McLACHLAN JR.,**
    Defendant-Appellant.

_____

    Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.

    Richard McLachlan Jr. appeals from a revised sentencing order.
**AFFIRMED.**

    Jamie L. Hunter and Gary D. Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

    Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Richard McLachlan Jr. has appealed from a revised sentencing order entered by the district court on remand from our court.  He claims (1) his prior conviction was vacated and could not be used to impose the second-or-subsequent-offender enhancement when resentencing him, and (2) the sentence imposed by the district court could not run consecutive to a prior vacated sentence.  McLachlan has mischaracterized the status of the prior conviction and has misunderstood the legal significance of a revised sentencing order.  For reasons explained below, we affirm.

This is McLachlan's second appeal from district court case number FECR 258620 (marijuana case), a case in which McLachlan was originally sentenced to incarceration in March 2013.  *See State v. McLachlan*, No. 13-0487, 2014 WL 4930441, at *2 (Iowa Ct. App. Oct. 1, 2014).  The issues presented require us to also consider the history and current status of district court case number FECR 244838 (cocaine case), for which he was originally sentenced to incarceration in October 2012.  *See generally State v. McLachlan*, No. 12-2040, 2013 WL 5498059 (Iowa Ct. App. Oct. 2, 2013).  A chronological review of these two cases and their several appeals is set forth below.

McLachlan was a juvenile when he entered an *Alford* plea[1] to possession of crack cocaine with intent to deliver.  *See State v. McLachlan*, No. 14-0257, 2015 WL 1332336, at *1 (Iowa Ct. App. Mar. 25, 2015).  The district court granted him a deferred judgment and placed him on supervised probation.  In

---

[1] An *Alford* plea allows a defendant to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence" without admitting "participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

October 2012, the district court revoked the deferred judgment and probation after McLachlan, then an adult, was charged with new crimes. He was sentenced to a term of incarceration.[2] *McLachlan*, 2013 WL 5498059, at *3.

In March 2013, the district court adjudged McLachlan guilty of possession of marijuana with intent to deliver and a drug tax stamp violation, and sentenced him to prison terms of ten years and five years respectively. Those sentences were ordered to be served concurrent to each other and consecutive to the sentence previously imposed in the cocaine case. *McLachlan*, 2014 WL 4930441, at *2.

In October 2013, our court affirmed McLachlan's conviction in the cocaine case, but vacated his sentence as a result of the district court's failure to grant him the right of allocution and remanded for resentencing. *McLachlan*, 2013 WL 5498059, at *4. Pursuant to that remand, in February 2014, McLachlan was resentenced in the cocaine case. *See McLachlan*, 2015 WL 1332336, at *1. The district court imposed an indeterminate ten-year sentence and ran it consecutively to the marijuana conviction, and ordered McLachlan to serve a mandatory one-third of his sentence before being eligible for parole per Iowa Code section 124.413 (2013).[3] *See id.*

In October 2014, our court affirmed McLachlan's conviction for possession of marijuana, vacated the drug tax stamp conviction, and remanded for entry of a revised sentencing order. *McLachlan*, 2014 WL 4930441, at *3.

---

[2] Each sentencing order referenced in this opinion contained other sentencing provisions not at issue in this appeal. For simplification, we are listing only the sentencing provisions relevant to the contested issues.
[3] For ease of reference and because there have been no substantive relevant changes, all citations are to the 2013 Iowa Code.

In March 2015, our court vacated McLachlan's February 2014 resentencing for the cocaine offense because the district court had not considered the factors identified in *State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014).[4] We again remanded the case to the district court for resentencing under *Lyle*. *McLachlan*, 2015 WL 1332336, at *3.

In August 2015, pursuant to our October 2014 remand, the district court entered a revised sentencing order in the marijuana case, ordering a ten-year term of incarceration on the marijuana conviction to run consecutive to the sentence imposed in the cocaine case. Prior to entry of the order, the court gave the parties an opportunity to be heard. At that time, the second resentencing in the cocaine case ordered by this court in March 2015 had not yet occurred.

McLachlan's current appeal in the marijuana case focuses on the meaning of our decisions entered in October 2014 and March 2015, and the correctness of the district court order of August 2015, summarized above. He claims the August 2015 revised sentencing order for the marijuana offense resulted in an illegal sentence because (1) the March 2015 appellate court remand for resentencing in the cocaine case set aside or vacated his conviction in that case, thus removing the prior conviction from consideration for enhancement of the sentence in the marijuana case, and (2) the sentence imposed after the October 2014 remand in the marijuana case could not now run consecutive to the vacated—but pending—resentence for the cocaine offense.

---

[4] Our supreme court decided *Lyle* after McLachlan's February 2014 resentencing, and made it applicable to all juvenile offenders then serving mandatory minimum sentences of imprisonment.

On the first issue, McLachlan's argument is premised on his conclusion that the remand for resentencing under *Lyle* in the cocaine case, opened the door for the district court to consider deferring judgment. Thus, he argues, if the court could consider granting a deferred judgment on the remand, his conviction was set aside, leaving no prior conviction for enhancement purposes in the marijuana case.

Our court's remand for resentencing in the cocaine case was for consideration of the factors required by *Lyle*. *McLachlan*, 2015 WL 1332336, at *3. The discussion in our March 2015 opinion, which made reference to a sentencing court's discretion to consider a deferred judgment for a juvenile, was limited to options available to a court before deciding to impose a prison term. *Id.* at *2. It is only when a district court decides to impose a prison term on a juvenile—and that term includes a mandatory minimum sentence—that the *Lyle* factors are implicated. *Id.* Our decision reviewed the status of the case and determined McLachlan had been sentenced to prison with a mandatory minimum sentence, thus requiring remand for consideration of the *Lyle* factors. *Id.* at *2–3.

Iowa Code section 907.1(1) (2015) provides in relevant part: "'Deferred judgment' means a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court."[5] In 2012, the court revoked McLachlan's deferred judgment, adjudicated him guilty of possession of crack cocaine, and sentenced him for that offense. Our second remand order to consider the *Lyle* factors did not vacate or set aside the adjudication of guilt (i.e.,

---

[5] For ease of reference and because there have been no substantive relevant changes, we cite to the current 2015 Iowa Code.

the judgment of conviction), it only vacated the sentence of incarceration and remanded for resentencing. Therefore, the district court is—or was, if sentencing on the cocaine case has by now occurred, a fact not in our record on this appeal—not authorized to consider a deferred judgment under Iowa Code section 907.1. *See Kurtz v. State*, 854 N.W.2d 474, 479–80 (Iowa Ct. App. 2014) (concluding a defendant's successful challenge of an illegal sentence does not render the judgment of conviction unenforceable). Accordingly, McLachlan cannot prevail on his first issue.

McLachlan's second issue is premised on his argument that the revised sentencing order in the marijuana case resulted from a resentencing. When the district court entered its revised sentencing order, it repeated and left intact all provisions originally ordered in the marijuana case, except that it removed all references to the drug tax stamp conviction, which we vacated in our October 2014 ruling. The district court entered its order on remand as directed by our court. It did not resentence McLachlan. It did not have the authority to resentence him. *See State v. Pearson*, ___ N.W.2d ___, ___, 2016 WL 851994, at *6–7 (Iowa 2016) (finding "the district court exceeded its mandate in resentencing the defendant anew" after the appellate court vacated the sentence and remanded to the district court to enter an order amending the judgment).

At the hearing, which culminated in issuance of the revised sentencing order, McLachlan argued he was entitled to a resentencing hearing. The district court heard arguments from the State and from McLachlan's attorney, and correctly concluded that its authority on remand was limited to issuance of a revised sentencing order that removed any sentence for the vacated drug tax

stamp violation.[6]    The district court was correct to refuse to engage in a resentencing.    As no resentencing occurred, McLachlan's argument on the second issue must and does fail.

**AFFIRMED.**

---

[6] Some may question why a revised sentencing order is necessary if an appellate court has finally resolved the issue.  We recognize that final sentencing orders are relied upon by many people, agencies, and organizations, including the Iowa Department of Corrections, the Iowa Board of Parole, probation and parole personnel, law enforcement agencies, other government agencies, the business community, and others.  It is unrealistic and administratively unwieldy for a copy of an appellate opinion to be sent to or appended to any prior sentencing order that was altered by an appellate opinion.  A revised sentencing order provides a final, complete memorialization of the sentence imposed and that must be enforced.