## IN THE COURT OF APPEALS OF IOWA

No. 15-0913
Filed May 11, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ZACHERY THOMAS BUTRICK,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.


Zachery Butrick appeals the judgment imposed and the sentences

pronounced after entering *Alford* pleas.  **AFFIRMED AND REMANDED.**


Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.


Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Zachery Butrick appeals the judgment imposed and the sentences pronounced after entering *Alford* pleas[1] to charges of child endangerment causing bodily injury and domestic abuse assault causing bodily injury—strangulation. Butrick contends his trial counsel's failure to object to the prosecutor's alleged breach of the plea agreement resulted in ineffective assistance of counsel. He also contends the sentencing court erred in failing to suspend the fines and surcharges in the written judgment and in stating it relied on a dismissed charge in deciding the sentence. Because Butrick failed to prove the prosecutor breached the plea agreement, his trial counsel was not ineffective by failing to object on that basis. However, because we agree clerical errors in the sentencing order require corrections, we remand the case to the district court so that it may issue an order nunc pro tunc. We affirm in all other respects.

### I. Background Facts and Proceedings.

The facts underlying Butrick's convictions are not at issue. Briefly stated, Butrick kicked his girlfriend's four-year-old son in the face after the child was disobedient. When the girlfriend tried to intervene, Butrick pushed her into a wall. He then choked her, hit her in the face, and threatened to slit her throat with a knife in front of the child. During the altercation, Butrick punched the child multiple times in the chest. Both the girlfriend and her son had visible injuries when the police arrived at the scene.

---

[1] An *Alford* plea allows a defendant to maintain innocence while acknowledging that the State has enough evidence to win a conviction. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

The State charged Butrick with child endangerment causing bodily injury and domestic abuse assault causing bodily injury—strangulation. In exchange for Butrick entering *Alford* pleas to the charges, the State agreed it would recommend the court impose concurrent sentences. The State also agreed Butrick would be free to request probation or a deferred judgment. Finally, the fines for each count were to be suspended upon final disposition.

Butrick entered *Alford* pleas, which the court accepted. A sentencing hearing was held separately, during which the State recommended Butrick's sentences run concurrently. Butrick, who claimed the incident was caused by his untreated mental health conditions, argued in favor of probation or a deferred judgment to allow him to pursue treatment. The district court instead imposed five-year sentences of incarceration on each count, with the sentences running concurrently. The court stated that "[b]ut for the evidence on mental health, [it] would sentence the defendant to consecutive sentences."

## II. Ineffective Assistance of Counsel.

Butrick first contends his trial counsel was ineffective by failing to object to what he alleges was a breach of the plea agreement. Specifically, he complains that the prosecutor engaged in "unfair and inflammatory" actions and that the "recitation of his [sentencing] recommendation pursuant to the plea agreement . . . without any reasons or mention of anything positive about [him] violated the spirit of the plea agreement."

We review ineffective-assistance-of-counsel claims de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Ineffective assistance of counsel occurs when counsel fails to perform in an objectively reasonable manner under

prevailing professional standards, and that failure prejudices the defendant. *See id.* at 494-95. Ordinarily, we preserve such claims for postconviction-relief proceedings, though we will resolve them on direct appeal when the record is adequate. *See id.* at 494.

"[T]o determine whether counsel failed to perform an essential duty in failing to object to the prosecutor's recommendation, we must first determine whether the State breached the plea agreement. If the State did not breach the plea agreement, defense counsel could not have been ineffective." *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008) (citation omitted). If the prosecutor breaches either the terms or the spirit of the plea agreement, reversal of the conviction or vacation of the sentence is required. *See id.*

Here, the State agreed Butrick could request probation or a deferred judgment. He did. The State also agreed to recommend Butrick receive concurrent prison sentences. It did. As such, the letter of the agreement was followed. Butrick complains, however, that the State violated the agreement's spirit. The prosecutor is obligated to make the promised sentencing recommendation, which requires more than informing the court of the promise the State has made to the defendant with regard to sentencing. *See id.* at 215-16. The prosecutor must also present the recommended sentence with approval; if not, the prosecutor has fallen short of fulfilling the promise under the plea agreement. *See id.* at 216-17. It is implied the prosecutor is obligated to refrain from suggesting more severe sentencing alternatives. *See id.* at 216.

Butrick argues the State breached the plea agreement in spirit, citing the following actions as evidence: First, the prosecutor called one of the responding

police officers to testify at the sentencing hearing, during which the officer "described the injuries of the victims and the negative attitude of the defendant." Second, the prosecutor entered into evidence six photos documenting the injuries Butrick inflicted on his girlfriend and her son. Finally, after describing Butrick's offenses as "particularly violent" and his actions as "shocking," the prosecutor observed Butrick needed to receive the help he needs before being released back into society "so something like this that has all the indicators that it could have gotten much worse, that it never happens again," all of which Butrick classifies as "unfair and inflammatory." Butrick alleges his counsel had a duty to object to each of these actions, which he claims "sabotaged any chance [he] had for a deferred judgment or probation." When coupled with the prosecutor's sentencing recommendation, which was made "pursuant to the plea agreement" without stating any positive attributes, Butrick claims the prosecutor violated the plea agreement in spirit.

On this record, we are unable to find the prosecutor breached the plea agreement in spirit. The prosecutor made the sentencing recommendation required by the plea agreement. He did not make an "alternative recommendation" of a harsher sentence or attempt to steer the court toward a harsher penalty than he was recommending. *See State v. Horness*, 600 N.W.2d 294, 299-300 (Iowa 1999) ("[T]he prosecutor breached the plea agreement by requesting 'an appropriate sentence' rather than the sentence he had agreed to recommend."). In fact, no harsher penalty was imposed. Although Butrick's sentence is not as lenient as he wanted, this does not equate to a violation of the spirit of the plea agreement. The prosecutor was in no way required to advocate

for a lesser penalty than the one he agreed to recommend. Consequently, Butrick's trial counsel had no duty to object, and his ineffective-assistance-of-counsel claim fails.

### III. Sentence.

Butrick also challenges the provision of the written sentencing order requiring him to pay a fine and surcharge on each count. At the plea hearing, Butrick's counsel informed the court that the State was "in agreement with suspending the fines on these two—or civil penalties as it may be, depending on the disposition at the sentencing." In its oral pronouncement, the court indicated the fines would be suspended. Although nothing in the record suggests the court intended to enter a sentence contrary to the plea agreement, the court failed to suspend the fines and applicable surcharges in its written order. Butrick also notes a scrivener's error appearing in the written order that omits the word "not" from a portion of the order, which should read as follows: "The court notes that the PSI contained information as to one criminal offense that was dismissed. The court did *not* rely on that offense in deciding the sentence in this case." (Emphasis added.) The State concedes these discrepancies were the result of clerical error.

"[W]hen a judgment entry incorrectly differs from the oral rendition of the judgment merely as a result of clerical error, the trial court holds the inherent power to correct the judgment entry so that it will reflect the actual pronouncement of the court." *State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995). In such instances, "the oral pronouncement of sentence controls." *Id.* at 528. Because the record unambiguously demonstrates the discrepancies were the

result of clerical error, we remand the case to the district court so that it may issue a nunc pro tunc order to correct the clerical error in the written order.[2]  *See id.* at 529.  We affirm in all other respects.

**AFFIRMED AND REMANDED.**

---

[2] Some may question why a corrected sentencing order is necessary if an appellate court has finally resolved the issue.  We recognize that final sentencing orders are relied upon by many people, agencies, and organizations, including the Iowa Department of Corrections, the Iowa Board of Parole, probation and parole personnel, law enforcement agencies, other government agencies, and the business community.  It is unrealistic and administratively unwieldy for a copy of an appellate opinion to be sent to or appended to any prior sentencing order that was altered by an appellate opinion.  A revised sentencing order provides a final, complete memorialization of the sentence imposed to be enforced.  *See State v. McLachlan*, No. 15-1449, 2016 WL 1359093, at *3 n.6 (Iowa Ct. App. Apr. 6, 2016).