# IN THE COURT OF APPEALS OF IOWA

No. 17-1529
Filed August 1, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PAUL MARK KINGERY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Paul Kingery appeals the convictions entered following his *Alford* pleas to two counts of lascivious acts with a child. **CONVICTIONS AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR ENTRY OF CORRECTED SENTENCING ORDER.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Paul Kingery appeals the convictions entered following his *Alford*[1] pleas to two counts of lascivious acts with a child.

## I. Background Facts and Proceedings

On February 10, 2017, Kingery was charged by trial information with sexual abuse in the second degree, a class "B" felony. The charge was based on acts committed between January 1, 2012 and December 31, 2015, against C.K., a person under the age of twelve.

The parties subsequently reached a plea agreement under which Kingery would enter *Alford* pleas to the amended charges of two counts of lascivious acts with a child, class "C" felonies, in return for the State's agreement to not file any charges relating to a separate complainant and to recommend an indeterminate term of incarceration not to exceed ten years on each count, to run consecutively. The agreement further provided there would be no mandatory minimum term of incarceration and Kingery would be immediately eligible for parole.

At the plea hearing on July 31, 2017, Kingery advised the court he agreed to the terms of the plea agreement, stated his decision to enter *Alford* pleas was a voluntary choice, and acknowledged he would receive a benefit by entering the *Alford* pleas. Kingery acknowledged the minutes of evidence provided strong evidence of actual guilt for the original charge. The court found the minutes

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

provided a sufficient factual basis for both counts of lascivious acts with a child, accepted Kingery's plea, and set the matter for sentencing on September 15.

On September 7, Kingery filed a pro-se document in which he challenged the facts and legal definition of a sex act and asked the court to continue the trial. In his motion, Kingery stated the plea agreement was not in his best interests and asserted he only entered the pleas because of his concerns about C.K. and he did not want to rip the family apart. He also claimed he was not asked for any supporting witnesses by his defense counsel and listed several people who could provide testimony relating to skin care and the type of massages he performs. Kingery included definitions for pubes, genitals, vulva, breasts, arouse, lascivious, lewd, and lustful, without reference to the source of the definitions. The court directed the motion would be considered at the time of sentencing.

At the sentencing hearing on September 15, the court interpreted the letter as a motion for a new trial or motion in arrest of judgment and denied it, finding the plea was made knowingly, intelligently, and voluntarily and the grounds listed in the letter were insufficient to withdraw the plea or grant a new trial. The court then entered judgment and imposed the sentence in accordance with the plea agreement. Kingery appeals.

## II. Analysis

### A. Factual Bases

Kingery claims his *Alford* pleas lacked factual bases and the court therefore erred in accepting the pleas. Kingery specifically argues the information contained in the minutes of evidence was insufficient to support a finding of the requisite intent or contact with the requisite bodily location of the offense.

In determining whether factual bases support Kingery's pleas, we consider the entire record, as a whole, to determine if the elements of the offenses have been satisfied. *See State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010). "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Id.* at 768. Moreover, "the record does not need to show the totality of the evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *Id.*

Lascivious acts with a child can be committed in several ways. The alternative most pertinent to the facts present here provides:

> 1. It is unlawful for any person sixteen years of age or older to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:
>     a. Fondle or touch the pubes or genitals of a child.

Iowa Code § 709.8(1)(a) (2015).[2]

Kingery and his counsel both filed appellate briefs claiming his pleas lacked sufficient factual bases. Appellate counsel challenged the element concerning the fondling of the pubes or genitals of a child, claiming the allegations that Kingery touched the victim's "vaginal area," "genital area," and breasts were insufficient to establish the element. In Kingery's pro-se brief, he also challenges the fondling element, as well as the element requiring that the purpose of the act be to arouse the sexual desires of the actor or the child. He argues he had no sexual motive in

---

[2] As noted, the charges were based on acts committed between January 1, 2012 and December 31, 2015. The statutory prohibition contained in section 709.8(1)(a) was the same throughout this entire timeframe.

providing massages to C.K. and had provided therapeutic massages and reflexology to the feet, back, and hands of other people to alleviate leg cramps and other ailments.

If Kingery's purported motion in arrest of judgment was insufficient to raise the factual bases issues, our review on appeal would be for correction of errors at law. *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). If the motion sufficiently raised a challenge to the factual bases for the guilty pleas, then our review would be to determine whether the district court abused its discretion in denying the motion. *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). An error of law constitutes an abuse of discretion. *Id.* Upon our review of the minutes of evidence and the trial information, we agree the claims of massages to C.K.'s breasts are insufficient as a matter of law to provide factual bases for pleas, as breasts do not fall under the definition of pubes or genitals. *State v. Baldwin*, 291 N.W.2d 337, 340 (Iowa 1980).

However, it "is clear that the term 'genitalia' broadly describes and includes many organs associated with the reproduction apparatus." *State v. Martens*, 569 N.W.2d 482, 486 (Iowa 1997). This includes the vulva, which is the externally visible genital organs of the female, "including . . . [the] vestibule of the vagina, . . . and vaginal orifice." *Id.* (citation omitted). A child can "lack the technical knowledge to accurately describe parts of his or her body." *Id.* at 487 (citation omitted). When a "child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of [the statute], the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child uses." *Id.* We find the minutes of evidence of C.K., thirteen

at the time the minutes were filed, in which she identified Kingery touched her vaginal area on the skin and massaged the area with lotion, sufficiently communicated Kingery touched her genitalia. This is sufficient to formulate factual bases for the contact element of the offenses.

By the plain language of the statute, "intent is a necessary element of the offense" of lascivious acts with a child. *See State v. Haines*, 259 N.W.2d 806, 811 (Iowa 1977). "The requisite intent to arouse or gratify the sexual desire of any person can be inferred from an accused's conduct, remarks, and all surrounding circumstances." *State v. Jorgensen*, 758 N.W.2d 830, 837 (Iowa 2008).

> [R]elevant circumstances include but are not limited to the relationship between the defendant and the victim; whether anyone else was present; the length of the contact; the purposefulness of the contact; whether there was a legitimate, nonsexual purpose for the contact; where and when the contact took place; and the conduct of the defendant and victim before and after the contact.

*State v. Pearson*, 514 N.W.2d 452, 455 (Iowa 1994).

The minutes of evidence clearly state that from January 1, 2012 through December 31, 2015, C.K. would go to her grandmother's house and, while there, Kingery would give her massages on the sofa in the living room. No other adults were in the room at the time of these massages. During the massages, Kingery would begin at C.K.'s feet, move up her leg until he touched her vaginal area on the skin and then massage C.K.'s vaginal area. On other occasions, he would massage her shoulders or back and then move his hands to her breasts. C.K. felt uncomfortable and told Kingery to stop, but he did not. The minutes of evidence indicated Kingery touched and massaged C.K.'s vaginal area, suggesting it was not an accidental touch. He did so at a time when no other adult was in the room

and when asked to stop, he did not. No nonsexual purpose is discernible from the record for Kingery to touch or massage C.K.'s vaginal area. We find there is substantial evidence in the record to support a finding that Kingery had the requisite intent to arouse or satisfy the sexual desires of himself or C.K. Therefore, we conclude facts support the offenses and factual bases existed for both of Kingery's pleas.

B.    Surcharge

1.    *Involuntary Plea*

Next, Kingery claims his *Alford* pleas were unknowing, involuntary, and in violation of Iowa Rule of Criminal Procedure 2.8(2)(b), because he was not properly advised about applicable surcharges. We review "challenges to guilty pleas for correction of errors at law." *Fisher*, 877 N.W.2d at 680.

Courts must substantially comply with rule 2.8(2)(b) when accepting a defendant's plea by providing certain information to a defendant, including the mandatory minimum punishment and maximum possible punishment provided by the statute for the offense the defendant is pleading guilty to. *See id.* at 682. Surcharges are punitive and must be disclosed before accepting a guilty plea. *Id.* at 685–86. "[A]ny failure to recite the proper surcharge(s) is reversible error on direct appeal if the defendant was not precluded from raising the issue on error-preservation grounds." *State v. Iddings*, No. 15-1597, 2017 WL 2464049, at *5 (Iowa Ct. App. June 7, 2017).

The State concedes the court did not advise Kingery of the criminal-penalty or sex-abuse-victim surcharges. To challenge his guilty plea on appeal, Kingery was required to file a motion in arrest of judgment. Iowa R. Crim. P. 2.24(3)(a) ("A

defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). This rule does not apply when the court fails to advise defendants as required by rule 2.8(2)(d). *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004).

Kingery filed a pro-se letter, which the court determined was a motion in arrest of judgment. Said motion did not, however, make any claims of error regarding the surcharges or inadequacy of the court's advisory. By failing to raise the surcharge issue in his motion, Kingery has not preserved error and is therefore unable to challenge the validity of his plea based on this issue on the merits. Anticipating this result, Kingery seeks to avoid the preservation issue by claiming the district court failed to sufficiently advise him of the preclusive effect of the failure to raise particular challenges to his plea by way of a motion in arrest of judgment.

Iowa Rule of Criminal Procedure 2.8(2)(d) requires the court to "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."

Like rule 2.8(2)(b), substantial compliance with rule 2.8(2)(d) is required. *Fisher*, 877 N.W.2d at 680. The district court explained:

> THE COURT: Mr. Kingery, I now have to inform you of a very important right that you have.
> Now that I've accepted your two *Alford* pleas to these two charges, the only way that you can now attempt to withdraw them or to challenge them as being no good, illegal, or in violation of any of your rights is to first file with this Court what is called a "motion in arrest of judgment."
> It's a fancy legal term. It's very simple. All you have to do— and you can ask your attorney to do it also or you may do it—is file with the Court in writing a piece of paper which states to the Court that you wish to withdraw your pleas which you've done here today

and give me a reason for it. Either you didn't understand something, there's been a violation of your rights, it wasn't voluntary or knowingly made, whatever the reason.

There's a time limit. You have to file that no later than 45 days from today and no less than five days prior to the date for sentencing. So if you wish to challenge these pleas as done today, you would have to file that motion in arrest of judgment on or before September 10, 2017.

If you don't, you are forever barred to challenge or attempt to withdraw these pleas of guilty at any time—these *Alford* pleas, I'm sorry—at any time in any court in the future.

Do you understand this?

THE DEFENDANT: Yes, sir, I do.

THE COURT: Any questions?

THE DEFENDANT: No, sir, I do not.

Though the court did not use the term "appeal," the court's use of the language "forever barred to challenge or attempt to withdraw these . . . *Alford* pleas . . . at any time in any court in the future" sufficiently conveyed and substantially complied with the court's duty to inform Kingery of the effect failing to file a motion in arrest of judgment would have on his appeal rights. *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006).

Because the court substantially complied with its duty under rule 2.8(2)(d) to inform Kingery and Kingery failed to address the surcharge issue in his motion in arrest of judgment, Kingery is barred from a direct appeal of his conviction based upon the alleged surcharge error.

2.      *Illegal Sentence—Ex Post Facto*

Kingery's final claim is that the district court imposed an illegal sentence when it assessed two $100 surcharges pursuant to Iowa Code section 911.2B, contending the court's imposition of the surcharges violated ex post facto protections under the United States and Iowa Constitutions. He argues the conduct underlying the charges occurred prior to the effective date of the section.

"A claim that a sentence violates the Ex Post Facto Clauses of the United States and Iowa Constitutions is . . . a claim that the sentence is illegal." *State v. Lopez*, 907 N.W.2d 112, 122 (Iowa 2018). "Illegal sentences may be challenged at any time." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). "We generally review claims that a sentence is illegal for correction of errors at law; however, when a claim challenges the constitutionality of a sentence, we review it de novo." *Lopez*, 907 N.W.2d at 116.

Both the United States and Iowa Constitutions forbid ex post facto punishment and prohibit legislation that applies "a new punitive measure to conduct already committed" or proscribes a punishment for a crime more burdensome after the crime is committed. *Id.* at 122 (citation omitted). As discussed, surcharges are punitive and "the imposition of the newly enacted [surcharge for sexual abuse] increased the penalty for that offense." *See id.* at 123.

Section 911.2B went into effect July 1, 2015. *See* 2015 Iowa Acts ch. 96, §§ 15, 17. The conduct for which Kingery was charged occurred sometime between January 1, 2012 and December 31, 2015. The record does not specifically identify the exact dates of the offenses and whether the conduct occurred before or after the effective date of the section. If there is uncertainty as to whether conduct occurred before or after the effective date of a law, we are to presume the conduct occurred before the enactment of that law. *Lathrop*, 781 N.W.2d at 298. Therefore, as the State concedes, the court's imposition of the section 911.2B surcharge violated the ex post facto clauses of the United States and Iowa Constitutions.

"When a portion of a defendant's sentence violates the Ex Post Facto Clause, we generally vacate that portion of the district court's sentence and remand for the entry of a corrected sentence." *Lopez*, 907 N.W.2d at 123. "If, however, we cannot vacate a discrete feature of the sentence, we vacate the entire sentence and remand to the district court for resentencing." *Id.* In this case, we are able to vacate the discrete portion of Kingery's sentence imposing the surcharge pursuant to section 911.2B and remand to the district court only for entry of a corrected sentence.[3]

**CONVICTIONS AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER.**

---

[3] *See State v. McLachlan*, 880 N.W.2d 513, 516 n.5 (Iowa Ct. App. 2016).