# IN THE COURT OF APPEALS OF IOWA

No. 18-0186
Filed March 20, 2019

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CHERYL WANCHANIC,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Cheryl Wanchanic appeals his conviction, following a jury trial, of first-degree robbery and the sentence imposed. **CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER**.

Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Cheryl Wanchanic[1] appeals his conviction, following a jury trial, of first-degree robbery and the sentence imposed. He contends his trial counsel was ineffective in failing to move for a mistrial. He further challenges the district court's order assessing appellate attorney fees against him unless he filed a request for a hearing on his reasonable ability to pay.

I.      **Background Facts and Proceedings**

This case arises out of a 2015 cellular phone retail store robbery. Wanchanic was charged by trial information with one count of robbery in the first degree. *See* Iowa Code §§ 711.1, .2 (2015). Wanchanic filed a motion in limine the morning of December 12, 2017, prior to the commencement of trial later that same day. Wanchanic sought to prevent specific items of evidence, including any evidence that was not referenced in the filed minutes of evidence. After voir dire but before opening statements, the court granted the motion with no objection from the State. During the testimony of a witness who drove Wanchanic to the store before the robbery, the witness was asked if she saw Wanchanic with any type of object after he left the car. The State asked, "And when you looked at [Wanchanic], what did you see?" The witness replied, "He had everything covered, and he was switching something like a knife to the front." At that point, defense counsel asked to approach the bench, and an unreported sidebar conference occurred. The court then removed the jury and took a half-hour break. The court then resumed the proceedings outside the jury's presence. The State, after reviewing the minutes

---

[1] Wanchanic's preferred pronouns are he, him, and his. Therefore, we will refer to him accordingly.

of evidence, conceded that the witness's testimony about the presence of a knife was not contained in the minutes.  Defense counsel asked the court just to strike the witness's last response from the record and admonish the jury to disregard it.  When admonishing the jury, the court stated "[m]embers of the jury, the testimony you heard from the witness concerning the knife should be disregarded, and that testimony is stricken from the record."  Defense counsel made no other request and the trial continued.  Jury deliberation began in the afternoon of December 14.  The jury found Wanchanic guilty as charged the next day.  Wanchanic filed post-trial motions on other issues but did not reference the witness-testimony issue.  The court subsequently sentenced Wanchanic to an indeterminate term of incarceration not to exceed twenty-five years, with a mandatory minimum of seventy percent.  Wanchanic appeals.

**II.    Analysis**

A.      Ineffective Assistance of Counsel

Wanchanic first argues his trial counsel provided ineffective assistance in failing to move for a mistrial after the State elicited witness testimony not included in the minutes of evidence.  Alternatively, he contends trial counsel should have moved for a mistrial after the court, in its admonishment, referenced the witness testimony it was striking from the record and directing the jury to disregard.

We review ineffective-assistance-of-counsel claims de novo.  *State v. Harrison*, 914 N.W.2d 178, 187 (Iowa 2018).  "Generally, claims of ineffective assistance of counsel are preserved for postconviction relief proceedings."  *Id.* at 206 (quoting *State v. Soboroff*, 798 N.W.2d 1, 8 (Iowa 2011)).  Preservation allows for the development of "an adequate record of the claims and provides the attorney

charged with ineffective assistance with the 'opportunity to respond to defendant's claims.'" *Id.* (quoting *Soboroff*, 798 N.W.2d at 8). If we find the record adequate, "we may resolve the claim on direct appeal." *Id.* (quoting *Soboroff*, 798 N.W.2d at 8). Wanchanic must show his defense counsel "failed an essential duty and that the failure resulted in prejudice." *Id.* (quoting *State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016)). We "presume the attorney performed competently, requiring [Wanchanic] to rebut the presumption with evidence the attorney performed outside the standard of a reasonably competent practitioner." *Schlitter*, 881 N.W.2d at 388. Further, Wanchanic must "show the attorney's errors functionally deprived [him] of a fair trial and further show by a reasonable probability that the result of the proceeding would have been different without the errors by the attorney." *Id.* "A defendant's inability to prove either element is fatal." *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

Based on the record before us, we cannot determine why counsel did not move for a mistrial after the witness testimony. Further, we cannot determine why counsel did not object to or move for a mistrial after the court referenced the knife when admonishing the jury to disregard the witness's testimony about the knife. Therefore, we cannot determine if counsel's performance fell below the standard of a reasonably competent counsel or if prejudice resulted. We consequently affirm Wanchanic's conviction but preserve this claim for possible postconviction-relief proceedings.

B.      Appellate Attorney Fees

Next, Wanchanic challenges the district court's sentencing order.   We review challenges to restitution for errors at law.  *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018).

The challenged section of Wanchanic's sentencing order provides:

> The Defendant is advised that if [he] determines to appeal this ruling, [he] may be entitled to court appointed counsel to represent [him] in an appeal.  The Defendant is advised that if [he] qualifies for court appointed appellate counsel then [he] can be assessed the cost of the court appointed appellate attorney when a claim for such fees is presented to the clerk of court following the appeal.  The Defendant is further advised that [he] may request a hearing on [his] reasonable ability to pay court appointed appellate attorney fees within 30 days of the issuance of the procedendo following the appeal.  *If the Defendant does not file a request for a hearing on the issue of [his] reasonable ability to pay court appointed appellate attorney fees, the fees approved by the State Public Defender will be assessed in full to the Defendant.*

(Emphasis added.)  Wanchanic contends the emphasized portion is illegal, as it requires him to affirmatively request a hearing on his ability to pay, otherwise the full amount of court-appointed appellate attorney fees will be assessed against him.

Iowa Code section 910.2(1) provides, in relevant part:

> In all criminal cases in which there is a . . . verdict of guilty, . . . the sentencing court shall order that restitution be made by each offender . . . , to the extent that the offender is reasonably able to pay, for . . . court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, when applicable.

When a district court assesses attorney's fees against a defendant, "it must . . . determine the defendant's reasonable ability to pay the attorney fees without requiring him to affirmatively request a hearing on his ability to pay."  *Coleman*, 907 N.W.2d at 149.  Accordingly, we find the emphasized portion of the sentencing

order places an affirmative duty on Wanchanic to request a reasonable-ability-to-pay hearing before the court will determine his reasonable ability to pay, which is in contrast to the law and precedent. Although that portion of the order is not yet operative—the order was anticipatory—it is nonetheless invalid. We therefore vacate the portion of the sentencing order requiring Wanchanic to affirmatively request a reasonable-ability-to-pay hearing, and we remand for entry of a corrected sentencing order.[2]

## III. Conclusion

We affirm Wanchanic's conviction but preserve his claim of ineffective assistance of counsel for possible postconviction-relief proceedings. We affirm his sentence in part, but vacate the portion of the sentencing order requiring Wanchanic to affirmatively request a reasonable-ability-to-pay hearing. We remand for the entry of a corrected sentencing order.

**CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER**.

---

[2] *See State v. McLachlan*, 880 N.W.2d 513, 516 n.5 (Iowa Ct. App. 2016).