# IN THE COURT OF APPEALS OF IOWA

No. 19-0907
Filed February 5, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**GERARDO ANTONIO ANDRADE ZEPEDA,**
     Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, James C. Ellefson,

Judge.

        A defendant appeals the sentence imposed upon his criminal conviction.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

        Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

        Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Gerardo Andrade Zepeda appeals the sentence imposed upon his conviction, following a guilty plea, of conspiracy to commit a forcible felony. He argues the court's imposition of law-enforcement-initiative and drug-abuse-resistance-education surcharges was illegal, the restitution provision of the written sentencing order is inconsistent with the oral pronouncement of sentence and our supreme court's ruling in *State v. Albright*, 925 N.W.2d 144 (2019), and the court considered improper factors in imposing sentence.

First, the State concedes error on the surcharge issue, and we agree. *See* Iowa Code §§ 706.1, .3, 911.2, .3 (2018). Next, at the sentencing hearing, the court stated Andrade Zepeda would be responsible for payment of court costs, attorney fees, and restitution in an amount to be later determined, pending a determination of the amounts and of Andrade Zepeda's ability to pay the same. However, the written sentencing order stated Andrade Zepeda "shall pay the court costs of this action, to include correctional fees."[1] The parties appear to agree, as do we, that the court's oral pronouncement of sentence was correct, that the imposition of restitution for court costs including correctional fees must await the court's receipt of the amount and a reasonable-ability-to-pay determination, but the sentencing order's statement otherwise was error. *See Albright*, 925 N.W.2d at 162. We thus vacate the challenged surcharge and restitution provisions and remand for the entry of a corrected sentencing order concerning said provisions,

---

[1] In a separately numbered paragraph, the court also ordered Andrade Zepeda to "pay court-appointed attorney fees in an amount that does not exceed his ability to pay as determined at the time of preparation of his restitution plan."

which shall be followed by appropriate procedures for the ordering of restitution. *See State v. McLachlan*, 880 N.W.2d 513, 516 n.5 (Iowa Ct. App. 2016) (discussing the importance of corrected sentencing orders).

Finally, Andrade Zepeda argues the court abused its discretion when it considered improper factors in reaching its sentencing decision, namely that he did not maintain employment or obtain his GED after he was granted pre-trial release and his "failure to accomplish anything of note since his release," despite the fact that those endeavors were not a condition of his pre-trial release.

At the sentencing hearing, the court stated its primary considerations included Andrade Zepeda's rehabilitation and chance for reform; protection of the community; the deterrent effect on Andrade Zepeda and others; the nature and circumstances of the offense; and Andrade Zepeda's age, character, and propensities. *See* Iowa Code §§ 901.5, 907.5(1); *State v. Hopkins*, 860 N.W.2d 550, 554–55 (Iowa 2015). The court identified Andrade Zepeda's young age as a significant mitigating factor and highlighted the nature of the crime and attending circumstances pointed toward a more strict sentence. The court went on to note Andrade Zepeda's failure to maintain employment and further his education, but reiterated the "driving factor" of its decision was the nature of the crime and the need for deterrence. The court also explained Andrade Zepeda's "failure to accomplish anything of note since his release" amounted to a failure to demonstrate that he can improve himself. Thus, the court denied Andrade Zepeda's request for a deferred judgment or a suspended sentence and ordered a term of imprisonment.

Long story short, the fact that maintaining employment and obtaining a GED were not conditions of pre-trial release is not dispositive. Andrade Zepeda's character, potentialities, social history, and employment circumstances—which unquestionably involve the factors he complains were improperly considered— were relevant and appropriate sentencing considerations. *See* Iowa Code §§ 901.3(1)(a)–(b), .5, 907.5(1)(c). Finding the complained-of considerations were fair game, we affirm.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**