# IN THE COURT OF APPEALS OF IOWA

No. 19-0371
Filed September 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GEORGE McKENERY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.

George McKenery appeals his conviction of possession of a controlled substance and the restitution provisions of the sentencing order. **CONVICTION AFFIRMED; SENTENCING ORDER VACATED AND REMANDED WITH INSTRUCTIONS.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

George McKenery was charged by trial information with possession of a controlled substance, methamphetamine, in violation of Iowa Code section 124.401(5) (2019). The minutes of evidence and incorporated attachments provided the following relevant facts. McKenery and another individual, Scott Costanzo, were observed by surveillance cameras inside a vehicle in a casino parking lot. The footage showed McKenery pull a clear baggie from his pocket and pour its contents onto a piece of paper held by Costanzo, who then poured the substance into a glass meth pipe and smoked it. McKenery tied the plastic bag and placed it in his pocket. Both then exited the vehicle, after which McKenery "turned around and was leaning in the car and messing around with a green jacket. You couldn't really see what he was doing or where all he was reaching, because his back was to the camera and kind of blocking."

The men then entered the casino. Security located Costanzo and escorted him to the security office, where Costanzo turned over a meth pipe. McKenery was then located and escorted to the security office. Law enforcement searched McKenery's person, but no contraband was found. Ultimately, the vehicle was searched, and methamphetamine was found in a "suitcase kind of baggie" in the back seat. McKenery was arrested for possession of methamphetamine.

McKenery filed a written guilty plea, which provided: "What I actually did in Woodbury County, Iowa, on or about the date stated in the trial information was: I knowingly or intentionally possessed a controlled substance, to wit, Methamphetamine. . . . I knew it was methamphetamine." McKenery requested immediate sentencing, and the court sentenced him in accordance with the terms

of the plea agreement. The court ordered McKenery to pay restitution for correctional fees. The court also found him reasonably able to pay attorney fees in the amount of $100. McKenery appeals.

On appeal, McKenery first claims his attorney was ineffective in allowing him to plead guilty absent a factual basis.[1] We review claims of ineffective assistance of counsel de novo. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). McKenery must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). A factual basis is a prerequisite to the court's acceptance of a guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). If counsel allows a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is an inadequate factual basis to support the charge, counsel breaches an essential duty and prejudice is presumed. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). A factual basis exists when the record, as a whole, discloses facts to satisfy the elements of the crime. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "The record does not need to show the totality of evidence necessary to support a guilty

---

[1] The State argues we lack jurisdiction to consider the ineffective-assistance claim because recent legislation, effective July 1, 2019, removed a right to appeal when a defendant pleads guilty except in certain circumstances and prohibits appellate courts from considering ineffective-assistance claims on direct appeal. *See* 2019 Iowa Acts ch. 140, §§ 28(a)(3), 31 (codified at Iowa Code § 814.6(a)(3), .7). The State filed its brief before our supreme court's decision in *State v. Macke*, which held neither amendment applies "to a direct appeal from a judgment and sentence entered before July 1, 2019." 933 N.W.2d 226, 228 (Iowa 2019). Here, judgment and sentence were entered in February 2019, so the amendments do not apply.

conviction, but it need only demonstrate facts that support the offense." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). In determining whether a factual basis exists, we consider the entire record before the district court. *Schminkey*, 597 N.W.2d at 788.

McKenery argues, "There is nothing in the minutes of testimony that shows any substance seized by law enforcement is methamphetamine or any other controlled substance." He complains there was no chemical testing, and "[w]ithout some testing of some substance which discloses the substance was methamphetamine, the minutes of testimony do not contain sufficient information that a substance seized was methamphetamine for purpose of a factual basis."

But McKenery ignores "that the 'record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate the facts that support the offense.'" *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013) (quoting *Ortiz*, 789 N.W.2d at 768). A factual basis exists so long as the record provides "minimal support" for the crime. *Id.* at 580. We find such minimal support here. In his written guilty plea, McKenery specifically admitted the substance was methamphetamine. And the minutes and incorporated attachments provide law enforcement officers and casino security believed the substance to be methamphetamine. We conclude McKenery's guilty plea enjoys a factual basis and counsel was therefore not ineffective in allowing him to plead guilty and waive his right to file a motion in arrest of judgment to challenge the plea.

Next, McKenery argues the court improperly ordered him to pay correctional fees and court-appointed attorney fees without first properly determining his

reasonable ability to pay.[2]  The district court may only order restitution for court costs including correctional fees and court-appointed attorney fees "to the extent that the offender is reasonably able to pay."  Iowa Code § 910.2(1).  Items subject to the reasonable-ability-to-pay determination fall within the second category of restitution.  *See State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019).  And "[t]he court can only order the defendant to pay second-category restitution after 'all such items are before the court and the court has then made a reasonable-ability-to-pay determination.'"  *Davis*, 944 N.W.2d at 645 (citations omitted).  Here, it is unclear whether the court was aware of the amount for court-appointed attorney fees.[3]  What is clear is that the amount for correctional fees was not before the court.  Because not all items of second-category restitution were before the court and no final restitution order was in place, the purportedly enforceable orders for restitution for correctional fees and attorney fees were improper.  *See id.* at 645–46.  We vacate the sentencing order and remand for entry of a corrected sentencing order and further proceedings.  *See id.* at 647; *see also State v. McLachlin*, 880 N.W.2d 513, 516 n.5 (Iowa Ct. App. 2016) (discussing the importance of corrected sentencing orders).

**CONVICTION AFFIRMED; SENTENCING ORDER VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[2] The State argues we cannot consider the restitution issue because there is nothing to review and the issue is not ripe.  We disagree.  The supreme court has directed us to review interim restitution orders which purport to allow enforcement. *See State v. Davis*, 944 N.W.2d 641, 646 (Iowa 2020).

[3] Counsel's claim for reimbursement was filed after the sentencing order.