## IN THE COURT OF APPEALS OF IOWA

No. 20-1536
Filed December 15, 2021

**KRYSTAL MAY HUNTER,**
    Plaintiff-Appellant,

**vs.**

**THE IOWA DISTRICT COURT FOR POLK COUNTY,**
    Defendant-Appellee.
_____

Certiorari to the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

On certiorari, Krystal Hunter challenges the legality of a district court ruling finding her in contempt and awarding attorney fees to the opposing party. **WRIT SUSTAINED, ORDER VACATED, AND CASE REMANDED.**

Katherine S. Sargent of Family Law Solutions of Iowa, LLC, Des Moines, for appellant.

Marcy Lundberg of Cordell Law LLP, Des Moines, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

On certiorari, Krystal Hunter challenges the legality of a district court ruling finding her in contempt and awarding attorney fees to the opposing party, Matthew Howe.[1] She argues she did not violate the terms of a protective order and the award of attorney fees was not authorized by statute. Matthew requests an award of appellate attorney fees.

## I.      Background

Krystal filed a petition for relief from domestic abuse in June 2020, naming Matthew as the respondent. A "protective order by consent agreement" was entered on June 24, which ordered Matthew "is restrained from committing further acts of abuse or threats of abuse" and "is restrained from any contact with" Krystal. The order provided the parties "shall communicate via Talking Parents, only about the health, safety and well being of the[ir] minor child" and "may text ONLY in the event of an emergency involving the minor child." The order placed the child in Krystal's temporary custody, with visitation to Matthew. The order was to remain in effect for one year. In July, Matthew moved for modification of custody and filed an application for rule to show cause, alleging Krystal was not communicating with him through Talking Parents and failed to adequately communicate with him about an emergency situation in which the child was bitten by a dog and was taken to the hospital for treatment.

---

[1] Because Iowa Code section 665.11 (2020) precludes a right to appeal "from an order to punish for contempt," the supreme court directed Krystal to file a statement supporting a petition for writ of certiorari following her notice of appeal. Treating Krystal's filings as a petition for writ of certiorari, the court granted the petition.

A hearing on the application for rule to show cause discloses the following pertinent facts. On July 5, 2020, the parties' child was bitten by a dog while in Krystal's care. Krystal testified the dog bite occurred at 12:30 p.m. Medical documentation shows she arrived at a Des Moines emergency room at 1:33 p.m. She left that facility shortly after 6:00 p.m. and went to an Iowa City hospital, arriving at 8:32 p.m. Krystal texted Matthew the following at roughly 10:30 p.m.: "Matt [the child] was bitten by a dog we are at the hospital to get it taken care of [hospital phone number] call for any updates the emergency department." The district court also found that "Matthew did not respond to the text he received apparently believing he may be in violation of the consent protective order. He could have done so." Instead, he called the emergency room in Iowa City and was told that the situation was not serious and he had nothing to worry about, but he was not provided any additional information.

The incident resulted in the child needing to be sedated and treated by a plastic surgeon. The next day, Matthew's counsel reached out to Krystal's counsel for an update, and Krystal's counsel provided a photo of the child's injury; discharge paperwork; and the date, time, and location of the child's follow-up appointment. Mathew's counsel responded there was no reason why Krystal could not provide information and documentation about the incident upon its occurrence, Matthew had a legal right to that information, and Krystal's notification was inadequate. Matthew's counsel requested additional specific information, which Krystal's counsel declined to provide.[2] Krystal never provided any additional

---

[2] The record shows additional documentation was not available to provide at that time.

information about the incident, voluntarily or in response to Matthew's requests, other than limited information after the child's follow-up appointment on July 7. Matthew later learned he was allegedly "blocked" from receiving any of the child's medical information. However, Matthew subsequently requested and obtained documentation from medical providers and law enforcement.

Krystal testified, following the dog bite, she immediately put compression on the child's face and was able to find someone to drive them to the hospital. Upon arrival, they were immediately taken to a room, and Krystal held the child in her arms the entire time, including while she was examined and sutured. The attending doctor directed the mother to immediately take the child to see a plastic surgeon in Iowa City. Krystal testified she drove the child straight to Iowa City. In Iowa City, a team of medical professionals began examining the child and discussed treatment options with Krystal, during which Krystal continued to hold the child, who "was [h]olding onto [her] for dear life." Krystal was able to leave the room when providers started anesthetics, after which she located a social worker at the hospital and discussed the protection order between her and Matthew. The social worker directed Krystal to text Matthew, and she read over the text message before Krystal sent it. Krystal testified she contacted Matthew at her first available opportunity. Minutes later, Matthew began calling the emergency room. Krystal denied telling staff to not provide information to Matthew.

The court found Krystal did not willfully disobey the protective order by failing to establish a Talking Parents account in a timely fashion and not providing medical records regarding the child to Matthew. However, the court found Krystal willfully violated the order by failing to provide timely and adequate notification of

the dog-bite situation. The court adjudged Krystal to be in contempt, imposed a suspended two-day jail sentence, and ordered Krystal to pay Matthew a reasonable amount of attorney fees. Pursuant to Iowa Rule of Civil Procedure 1.904(2), Krystal filed a motion to reconsider, enlarge, or amend, in which she argued she could not be in contempt because she was the protected party under the order, the order did not require her to contact Matthew in the event of an emergency involving the child, and she was not reasonably able to pay Matthew's attorney fees. Following a hearing, the court concluded the context of the order rendered a requirement to advise Matthew of information in an emergency situation mandatory and the child's best interests were served by interpreting the order in that manner. The court denied the motion to reconsider, enlarge, or amend.

Krystal appeals.

## II. Standard of Review

"Certiorari is an action at law; therefore, our review is at law." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). "[W]e may examine only the jurisdiction of the district court and the legality of its actions." *Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 66 (Iowa 2010) (quoting *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998)).

> The district court acts illegally when the court's factual findings lack substantial evidentiary support. Since proof beyond a reasonable doubt must be established for a finding of contempt, substantial evidence to support such a finding is such evidence as could convince a rational trier of fact that the alleged contemnor is guilty of contempt beyond a reasonable doubt.

*Id.* (citations and internal quotation marks omitted). Willfully disobeying an order of the court is a contemptuous act. *See* Iowa Code § 665.2(3); *Reis*, 787 N.W.2d at 68. Attorney-fee awards are generally reviewed for abuse of discretion. *In re Marriage of Towne*, ___ N.W.2d ___, ___, 2021 WL 3075938, at *8 (Iowa Ct. App. 2021).

## III.    Analysis

The protective order required the parties to communicate through a co-parenting application only regarding the health, safety, and well-being of the child. Communication through text message was authorized in the event of an emergency. The order also awarded temporary "custody" to Krystal, a disposition authorized by Iowa Code section 236.5(1)(b)(5). Chapter 236 does not define "custody," but "that does not prevent this court from resorting to other statutes, the common law, the dictionary, or common sense for definition of" terms. *State v. Sylvester*, 516 N.W.2d 845, 850 (Iowa 1994). Iowa Code section 598.1 differentiates between "'[l]egal custody' or 'custody'" and "physical care," and it defines "custody" to include making decisions about a child's medical care. *Accord Custody, Black's Law Dictionary* (11th ed. 2019) (differentiating between legal and physical custody). So the order's placement of custody with Krystal authorized her to solely make decisions about medical care.[3] Assuming without agreeing with the district court that notification of emergency situations was mandated by the

---

[3] Krystal should keep in mind her obligations will change if the legal custody landscape changes as a result of the companion case under Iowa Code chapter 600B.

protective order,[4] Krystal provided notification at her earliest possible convenience following the child's constant need for her mother following her injury and Krystal's verification she would not be violating the order by texting Matthew. The next day, her counsel provided the information that was available at that time.

Here, we find no evidence of conduct that was intentional and deliberate with a bad or evil purpose; wanton and in disregard of Matthew's rights; contrary to a known duty; or unauthorized—coupled with an unconcern about rights. *See Bell v. Iowa Dist. Ct.*, 494 N.W.2d 729, 730 (Iowa Ct. App. 1992). Being unable to agree with the district court that substantial evidence supports a finding that Krystal's actions amounted to willful disobedience of the order of protection, we vacate the finding of contempt and the sentence imposed. While Matthew argues an award of attorney fees in his favor was proper by bootstrapping a related action under chapter 600B, we do not have a full record of that proceeding, and this is an appeal from a chapter 236 proceeding. There is no statutory authorization for a

---

[4] In its ruling rejecting Krystal's motion for reconsideration, in which she argued "may" was not mandatory, the district court concluded "that any reasonable person in Krystal's situation would understand that if there were an emergency regarding the parties' child the wording in the protective order of 'may text' meant 'shall text' and in a manner that informs rather [than] causes fear, worry and consternation [for Matthew]." The language of the protective order provided the "parties may text" in the event of an emergency; clearly a provision that applied mutually. The district court found no fault in Matthew's failure to respond directly to Krystal's text to try to seek more information because of his stated fear of violating the protective order notwithstanding the "may text" phrase. While we agree with the district court that his conduct was not the subject of a contempt action, we find it instructive that Matthew was concerned he was not permitted to text Krystal while, at the same time, he asked the court to find her in contempt for failing to text him more details. In short, Krystal's interpretation of the protective order was no less unreasonable than Matthew's and, although the district court is correct that in some contexts "may" can mean "shall," the question here is whether Krystal's conduct in failing to text greater details or more follow-up information was contumacious or simply a wrong interpretation of her responsibility.

fee award in favor of a defendant under chapter 236.  *See* Iowa Code § 236.5(4); *Runyan v. Runyan*, No. 17-1120, 2018 WL 3302007, at \*5 (Iowa Ct. App. July 5, 2018).  Either way, the "American rule" on the award of attorney feels calls for reversal and vacation of the award in favor of Matthew as the losing litigant.  *See Thornton v. Am. Interstate Ins. Co.*, 897 N.W.2d 445, 474–76 (Iowa 2017).  We likewise deny his request for appellate attorney fees.

**IV.    Conclusion**

We vacate the finding of contempt, sentence imposed, and award of attorney fees in favor of Matthew.  We remand the matter to the district court to enter an order effectuating this opinion.  *See State v. McLachlan*, 880 N.W.2d 513, 516 n.5 (Iowa Ct. App. 2016) (explaining the utility of corrected district court orders).  Matthew's request for appellate attorney fees is denied.

**WRIT SUSTAINED, ORDER VACATED, AND CASE REMANDED.**