Chester WALTON, Jr., Appellant,

v.

STATE of Iowa, Appellee.

No. 86–1009.

Supreme Court of Iowa.

June 17, 1987.

Stephen J. Rapp, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Scott Lemke, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, WOLLE, LAVORATO and NEUMAN, JJ.

McGIVERIN, Justice.

Applicant Chester Walton, Jr., appeals from the district court's denial of his application for postconviction relief. He contends that accurate credit for time served has not been given on his various criminal case sentences. We affirm.

This case involves the interrelationship between the sentences imposed in four criminal cases against Walton. A chronology of Walton's charges, convictions and

sentences is essential to an understanding of this proceeding.

I. *Background facts and proceedings.* In case number 19135 in the Iowa district court for Black Hawk County, Walton was accused of the separate offenses of carrying weapons and possession of firearms by a felon. These charges arose out of Walton's activities on November 14, 1979. Walton was charged with the same two offenses arising from an incident on October 30, 1979, in case number 19146. On May 9, 1980, the trial court entered judgment of conviction after a jury trial on all counts in these two cases and sentenced Walton to four concurrent, indeterminate terms of imprisonment not to exceed two years. *See* Iowa Code §§ 724.4, 724.26, 903.1(1) (1979). Walton appealed from the convictions and sentences. He was released on appeal bond on these charges.

On January 16, 1981, the trial court entered judgment upon Walton's conviction of possession of a firearm by a felon in case number 19496 and sentenced him to a term of imprisonment not to exceed two years. *See* Iowa Code §§ 724.26, 903.1(1). Walton was paroled from state prison on September 19, 1981, on this charge.

We reversed applicant's convictions in cases number 19135 and 19146 on October 21, 1981, and remanded the cases for retrial. *See State v. Walton,* 311 N.W.2d 110 (Iowa 1981) (case number 19146); *State v. Walton,* 311 N.W.2d 113 (Iowa 1981) (case number 19135).

The Iowa board of parole discharged Walton from parole for case number 19496 on April 23, 1982.

Walton pled guilty to the four charges in cases number 19135 and 19146, and on July 16, 1982, the trial court imposed concurrent, indeterminate sentences of imprisonment not to exceed two years for each conviction; however, the court suspended these sentences and placed Walton on probation.

On August 19, 1983, the court revoked applicant's probation in cases number 19135 and 19146 and ordered him to serve the four concurrent, indeterminate sentences of imprisonment not to exceed two

years with 197 days of credit against these sentences for time served while being detained on these charges.

The trial court entered judgment in case number 21227 on Walton's conviction for delivery of a controlled substance on September 26, 1983. The court sentenced him to an indeterminate term of imprisonment not to exceed ten years, Iowa Code sections 204.401(1)(a) and 902.9(3)(1981), and ordered that the sentence be served consecutively to the sentences in cases number 19135 and 19146. *See* Iowa Code § 901.8. He appealed from his conviction and sentence.

Walton apparently discharged his sentences in cases number 19135 and 19146 on June 23, 1984. He was then allowed to post an appeal bond during the pendency of his appeal in case number 21227.

Applicant's appeal in case number 21227 was unsuccessful and Walton was returned to state custody on September 16, 1985, to fulfill his indeterminate sentence of imprisonment not to exceed ten years on the controlled substance conviction.

Walton filed an application for postconviction relief claiming his sentences in cases number 19135 and 19146 expired due to service of his sentence in case number 19496; Walton argued that the trial court had incorrectly calculated the credit for time served for his sentences in cases number 19135 and 19146. He argued that this error also affected his consecutive sentence in case number 21227. He sought relief under Iowa Code section 663A.2(5)(1985). After trial, the court denied Walton's application for postconviction relief. This appeal followed.

Our appellate review of the denial of postconviction relief is normally on assigned errors, *Benton v. State,* 199 N.W.2d 56, 57 (Iowa 1972), but we evaluate the totality of the circumstances in a de novo type review when a denial of constitutional rights is asserted, *Polly v. State,* 355 N.W.2d 849, 854 (Iowa 1984).

II. *Appropriate credit when multiple sentences exist.* The main question in this appeal concerns the appropriate amount of

credit, if any, that should be given on the new sentences that were entered on July 16, 1982, in cases number 19135 and 19146 after the cases were remanded by us in connection with Walton's successful appeals. Walton claims credit thereon for service of the sentence in the unrelated offense of case number 19496 during the time cases number 19135 and 19146 were pending on appeal and while he was released on appeal bond on the latter two cases.

Walton argues that because sentences had been imposed on May 9, 1980, in cases number 19135 and 19146 prior to his conviction and sentencing on January 16, 1981, in case number 19496 he should be entitled to credit in cases number 19135 and 19146 for the service of his sentence in case number 19496. He claims the sentences ran concurrently even though his sentences in cases number 19135 and 19146 were appealed and reversed and he was resentenced on cases number 19135 and 19146 after the discharge of his sentence in case number 19496. A contrary result would deprive him of due process, he asserts. *See* U.S. Const. amend. XIV, § 1.

The court, in ruling on Walton's postconviction relief application, stated, "All three of these sentences [19135, 19146 and 19496] were being served concurrently when the petitioner was in custody and the Court concludes that these periods were incorporated and included in the 197–day [credit] period" on the resentencing in cases number 19135 and 19146. We agree with Walton's contention that the postconviction court erred in this conclusion; however, we differ with respect to the effect of the error.

Walton argues the 197–day credit was simply for the time served in the Black Hawk county jail for the offenses in cases number 19135 and 19146. Walton argues that he is entitled to additional credit for the time he served in custody discharging his sentence in case number 19496. We agree with Walton that the 197–day credit did not include the time served in custody in case number 19496, as the postconviction court indicated. Therefore, we determine

that the court erred in its characterization of what the 197–day credit represented; we conclude the 197–day period represents the time he was detained in the Black Hawk county jail and with the Iowa department of corrections in connection with his charges and initial sentences in cases number 19135 and 19146.

Walton then relies on the court's statement that the sentences were being served concurrently. The State argues that the sentences in cases number 19135 and 19146 could not run concurrently with the sentence in case number 19496 because the valid sentences never overlapped.

Concurrent sentences by definition must be served simultaneously in whole or in part. Black's Law Dictionary 264 (5th ed. 1979) ("Concurrent sentences. Two or more terms of imprisonment, all or part of each term of which is served simultaneously."); *State v. Jones*, 218 Neb. 713, 715, 358 N.W.2d 765, 767 (1984). There can be no dispute that the final sentences in cases number 19135 and 19146 were not even imposed until July 16, 1982, nearly three months after Walton discharged his sentence in case number 19496; thus those sentences were not concurrent or overlapping. The May 9, 1980, sentences were voided by our reversal of the convictions in cases number 19135 and 19146.

Walton seems to argue that the sentence credit in cases number 19135 and 19146 then should have been calculated from the date of his arrest on those charges. He argues that he should receive credit as presentence time served on cases number 19135 and 19146 for every day of detention or incarceration on any charge from his arrest in 1979 until resentencing in 1982 in order to discharge the sentences on his final convictions in cases number 19135 and 19146 at the earliest possible date.

The legislature has devised a statutory scheme for the sentencing of criminal defendants. The system includes provisions by which the convicted defendant receives credit on his sentence for preincarceration time during which he is detained in connection with the offense of which he eventually is convicted. Iowa Code §§ 901.6,

903A.5 (1985). Under this framework an inmate's sentence is deemed to begin running on the date of incarceration after judgment of conviction is entered and sentence imposed, rather than the date the defendant was arrested and detained in connection with the offense on which he ultimately was convicted. Iowa Code § 903A.5 ("An inmate shall be deemed to be serving the sentence from the day on which the inmate is received into the institution."). The inmate is then given credit for days detained in the county jail upon the term of the sentence. Iowa Code § 903A.5.

Under this framework, the defendant is not entitled to sentence credit for time spent incarcerated under a sentence for an unrelated offense that was served when no other valid sentence existed. *Cf. People v. Prieskorn,* 424 Mich. 327, 342–344, 381 N.W.2d 646, 652 (1985) (defendant arrested, convicted and sentenced, and discharged sentence for driving with a revoked license while out on bond for drug charge, not entitled to credit on subsequent sentence on drug charge). To be entitled to sentence credit for presentence time served, the defendant must have been detained for the offense of which he ultimately is convicted.

We agree with the postconviction court's assessment of 197-days' credit on Walton's sentences in cases number 19135 and 19146. This assessment reflects the time served in the Black Hawk county jail and with the Iowa department of corrections from 1979 to July 16, 1982, for the offenses on which Walton was convicted and sentenced in cases number 19135 and 19146. *See* Iowa Code § 814.27 ("A defendant ... convicted at a new trial ordered by the appellate court shall have the period of the defendant's former confinement deducted from the period of confinement fixed on the last verdict of conviction by the district court.").

Walton seeks a recomputation of sentencing credit in his postconviction relief application and this appeal. The postconviction court denied relief because it concluded that the sentences in cases number 19135, 19146 and 19496 ran concurrently and were included in the 197-day sentencing credit on the resentencing in cases number 19135 and 19146. We believe that the postconviction court erred in its reasoning but not its result.

Therefore, we conclude that (1) the sentences in cases number 19135 and 19146 did not run concurrently with the sentence in case number 19496, (2) the resentencing court in cases number 19135 and 19146 gave proper credit for presentence detention on those charges, and (3) applicant's service of his sentence in case number 21227 began September 16, 1985. Appropriate credit should be given to Walton on his sentence in case number 21227 for any detention time from June 23, 1984, to September 16, 1985, on the controlled substance charge. Upon our de novo review, we find no denial of Walton's due process rights; therefore, we affirm the postconviction court's denial of Walton's application.

AFFIRMED.