**STATE of Iowa, Appellee,**

v.

**Arthur Albert HARRISON, Appellant.**

No. 90–799.

Supreme Court of Iowa.

April 17, 1991.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., James J. Koll, County Atty., and Cynthia Goins, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

In this single issue appeal we must decide whether the district court gave a criminal defendant proper credit for time served. We hold that the court did and affirm.

On March 8, 1988, Arthur Albert Harrison began serving a prison sentence on a conviction for driving while barred, an aggravated misdemeanor. *See* Iowa Code § 321.561 (1987). He was sentenced to an indeterminate term of two years. *See* Iowa Code § 903.1(2).

On May 26, 1988, while Harrison was serving this sentence, an arrest warrant was issued against him. The charge was possession of a schedule II controlled substance (methamphetamine) with intent to deliver. *See* Iowa Code §§ 204.401(1)(b), 204.206(4)(b). Harrison received a copy of the warrant on the same day.

Harrison was convicted of the drug charge. On September 9 he was sentenced to an indeterminate term of five years. *See* Iowa Code § 902.9(4). The sentencing order provided that the drug sentence should run concurrently with the driving while barred sentence. The order also gave Harrison credit for time served.

Harrison appealed from the drug conviction. While his case was pending on appeal, Harrison completed his sentence on the first conviction. On February 28, 1989, he posted an appeal bond on the second conviction and was released from prison.

On October 24, 1989, the court of appeals affirmed Harrison's drug conviction. *State v. Harrison*, 455 N.W.2d 304 (Iowa App. 1989) (table). Procedendo issued on January 11, 1990. Shortly after that, Harrison was taken into custody to serve the remainder of his sentence on this conviction.

Harrison later filed a motion seeking credit for time served. *See* Iowa Code § 903A.5. In his motion Harrison alleged he should be given credit from May 26, 1988. Harrison also alleged a deprivation of his due process rights under the federal constitution. *See* U.S. Const. amend. XIV. As to this claim, Harrison alleged that

[h]ad the sentencing court properly computed and credited [his] pre-prosecution in-custody time served, [he] would have been [eligible for] work release [on] November 4, 1988. Thus, [he] has been deprived of his liberty....

Before the hearing on this motion, Harrison changed his position. He claimed he was entitled to credit from March 8, 1988. Harrison had begun serving the driving while barred sentence on that date.

Following the hearing, the district court entered an order that gave Harrison credit on his drug sentence. The credit was for the time he had served since May 26, 1988. The arrest warrant for the drug charge had been issued and served on Harrison on that date. The order excluded from the credit "any periods of [Harrison's] release from jail during the pendency of the appeal and thereafter."

Harrison appeals from this order.

On appeal, Harrison again contends he should be given credit on the drug sentence for all the time served since March 8, 1988. Harrison also again contends the denial of credit for this time denies him due process of law.

The constitutional question turns on whether the district court should have given Harrison credit from March 8, 1988. And that question depends on an interpretation of section 903A.5, the provision Harrison relied on in the district court. If section 903A.5 means Harrison should have been given credit back to March 8, 1988, then certainly the district court's contrary finding deprived Harrison of liberty and thus denied him due process. On the other hand, if the court correctly interpreted section 903A.5, then Harrison's due process claim fails.

■ General rules govern concurrent sentences. Such sentences operate at the same time. Each day the defendant serves a day of each sentence. The defendant is entitled to discharge on completion of the term served under the longest sentence. However, the defendant must serve until all the concurrent sentences have ended. 24 C.J.S. *Criminal Law* § 1582, at 173 (1989).

■ When sentences are imposed at different times or for different periods of time and are ordered to run concurrently, the sentences run together during the time they overlap. The new or longer term does not necessarily end at the same time as the earlier or shorter term. *Id.*

■ In addition, the defendant receives no credit on the later sentence for the time served before it began. *Id.* This is because the underlying assumption of all sentencing provisions is that a charge precedes a sentence. Until that charge is brought, a defendant cannot be incarcerated for it.

■ Under these general rules, Harrison would not receive credit on the drug sentence for any time he served before that sentence was imposed. The drug sentence was imposed on September 9, 1988. So he would receive no credit on the drug sentence for any time he served before September 9 on the driving while barred sentence.

That leads us to the question whether section 903A.5 changes this result. Section 903A.5 provides in pertinent part:

An inmate shall not be discharged from the custody of the director of the Iowa department of corrections until the inmate has served the full term for which the inmate was sentenced.... An inmate shall be deemed to be serving the sentence from the day on which the inmate is received into the institution. *However, if an inmate was confined to a county jail or other correctional ... facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail ..., the inmate shall be given credit for the days already served upon the term of the sentence.*

(Emphasis added.)

When no concurrent sentences are involved, the statute plainly means this. First, an inmate begins serving a sentence on the day the inmate physically enters the institution. Second, the inmate receives credit on the sentence for any time spent in the county jail or other correctional facility before sentencing because of failure to furnish bail. *See Walton v. State*, 407 N.W.2d 588, 590–91 (Iowa 1987). Last, the inmate is not given credit for any time the inmate is free on bond while a case is pending on appeal.

When concurrent sentences are involved, section 903A.5 is consistent with the general rule that an incarcerated defendant receives no credit on the later sentence for the time served before it began. In these circumstances, the defendant is already in the institution when the second sentence is imposed. The second sentence begins to run from the time of its imposition. The statute, of course, expressly allows the defendant to receive credit for any presentence confinement relating to the second conviction. The critical question boils down to this: When does the presentence confinement begin?

Here the State concedes Harrison's presentence confinement for the second conviction began on May 26, 1988. That was the day he received a copy of the arrest warrant on the drug charge. The language "because of a failure to furnish bail" in section 903A.5 clearly implies that a charge has been brought. The State had brought no drug charge against Harrison

before May 26, 1988. For that reason the district court correctly denied Harrison credit for time served before that date. The court also correctly denied Harrison credit for any time he was free on bond while his drug conviction was pending on appeal.

What Harrison would have us say is that section 903A.5 means a sentence can begin before a charge is ever brought. We see nothing in section 903A.5 that dictates such an unreasonable and illogical interpretation. *See* Iowa Code § 4.4 ("In enacting a statute, it is presumed that ... [a] just and reasonable result is intended"); *id.* § 4.6 (in determining intent of legislature court may consider consequences of a particular construction).

Finding no error in the district court's order, we affirm.

AFFIRMED.