**Trampas Leigh POWELL,
Applicant–Appellee,**

v.

**STATE of Iowa, Respondent–Appellant.**

No. 07–0812.

Court of Appeals of Iowa.

Aug. 27, 2008.

---

Thomas J. Miller, Attorney General, William A. Hill, Assistant Attorney General, and Janet Lyness, County Attorney, for appellant.

Mark C. Meyer, Cedar Rapids, for appellee.

Considered by HUITINK, P.J., and VOGEL and EISENHAUER, JJ.; POTTERFIELD, J., takes no part.

### EISENHAUER, J.

The State appeals the district court's postconviction relief judgment granting additional presentence credit for time served to Trampas Powell. Finding no error, we affirm.

### I. Background Facts and Proceedings.

The parties stipulated to the facts concerning Powell's incarceration. In 2002, Powell was convicted of two separate counts of third-degree sexual abuse and sentenced to ten-year concurrent sentences in Johnson and Des Moines counties. In both counties Powell's sentences were suspended and he was placed on probation. While on probation in 2004, Powell resided in a community correction facility. A probation violation complaint was filed in Des Moines County, and on November 20, 2004, Powell was returned to the Des Moines County jail.

On November 29, 2004, the Johnson County District Court issued an arrest warrant for Powell and set bond at $10,000

on the State's application to revoke his Johnson County probation. The court further ordered Powell's custody would transfer back to the community correction facility if he posted bond.

Also on November 29, 2004, the Johnson County Sheriff sent a detainer to the Des Moines County Sheriff stating Powell had been charged with a probation violation in Johnson County and bond was $10,000.

On April 8, 2005, a contested hearing was held on the Des Moines County probation violation. The court revoked Powell's suspended sentence and ordered him to serve his 2002 sentence. Also on April 8, the Des Moines County Sheriff notified the Johnson County Sheriff that Powell was being transferred from the Des Moines County jail to prison and Johnson County "would need to place a hold" with the prison referencing the Johnson County arrest warrant.

On April 25, 2005, the Johnson County Sheriff notified the prison of the Johnson County warrant by certified mail. On May 3, 2005, the Johnson County Sheriff called the prison and confirmed Powell was still there. On May 31, 2005, the sheriff received a detainer action letter from the prison.

Johnson County did not have Powell transported from prison to appear on its revocation application until October 13, 2005. The record contains no explanation for the delay. At the October hearing, a final revocation hearing was set for December 20, 2005. At the final hearing, the court revoked Powell's suspended sentence and ordered him to serve his 2002 sentence concurrently with the Des Moines County sentence. The Johnson County Sheriff made a return of service stating the November 29, 2004 arrest warrant was served on Powell on December 20, 2005.

Despite having been subject to the Johnson County detainer since November 29, 2004, the Department of Corrections calculated Powell's Johnson County presentence incarceration ran from October 13, 2005 to December 20, 2005. Powell sought postconviction relief requesting an additional 317 days of presentence credit from November 29, 2004 to October 12, 2005. The Johnson County District Court ruled Powell was entitled to the additional credit and the State appeals.

## II. Standard of Review.

■ Generally, we review postconviction relief proceedings for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Whether Powell is entitled to presentence credit is a matter of statutory construction and application. "Statutory construction involves questions of law that we review without deference to the trial court." *State v. Canas*, 571 N.W.2d 20, 22 (Iowa 1997).

## III. Presentence Credit.

■ In this instance Powell was in jail awaiting decisions on applications to revoke his probation. The parties agree he is entitled to some credit for time awaiting the Johnson County probation revocation. The parties also agree the issue on appeal involves an interpretation of Iowa Code section 903A.5 (2003), which requires presentence credit be awarded for days served:

If an inmate was confined to a county jail or other correctional or mental facility at any time prior to sentencing ... because of failure to furnish bail ... the inmate shall be given credit for the days already served upon the term of the sentence.

■ Under this statute, the presentence incarceration must have resulted from the "failure to post bail under the

present charge." *State v. Young*, 292 N.W.2d 432, 436–37 (Iowa 1980) (stating credit not allowed when bail not set for charge at issue). Also, a "defendant is not entitled to sentence credit for time spent incarcerated under a sentence for an unrelated offense." *Walton v. State*, 407 N.W.2d 588, 590–91 (Iowa 1987). Therefore, "[t]o be entitled to sentence credit for presentence time served, the defendant must have been detained for the offense of which he ultimately is convicted." *Id.* at 591; Iowa R.Crim. P. 2.26(1)(*f*) (stating "defendant shall receive full credit for time spent in custody on account of the offense for which the defendant is convicted").

On appeal, the State argues Powell was only being held on the Des Moines County sentence from November 29, 2004 to October 12, 2005, because service of the Johnson County arrest warrant "is a predicate to having a bond requirement." The State claims bail was not yet required and Powell's legal status had not changed because the Johnson County warrant had not been served. We note the warrant was served on December 20, 2005, and yet the State determined Powell's Johnson County credit started before warrant service, on October 13, 2005.

Powell argues when he is already in custody in Des Moines County and the Johnson County Judge issues a warrant with a bail requirement and serves it on the Johnson County Sheriff, who then issues a detainer to Des Moines County specifying the warrant with bail, "this is clearly the functional equivalent of the [Johnson County Sheriff] locating and taking a person who is at large into custody."

The Iowa Supreme Court has discussed the issue of when section 903A.5 presentence confinement begins for a second charge when a defendant is already incarcerated. In *State v. Harrison*, 468 N.W.2d 215 (Iowa 1991), the defendant was serving a prison sentence when, on May 26, 1988, an arrest warrant for a drug charge was issued and the warrant was served on him. In answering the "critical question" of when the drug offense presentence confinement began, the court stated:

> Here the State concedes [defendant's] presentence confinement for the second conviction began on May 26, 1988. That was the day he received a copy of the arrest warrant on the drug charge. The language "because of a failure to furnish bail" in section 903A.5 clearly implies that a charge has been brought. The State had brought no drug charge against [defendant] before May 26, 1988. For that reason the district court correctly denied [defendant] credit for time served before that date.

*Id.* at 217–18.

The issue was later addressed in *State v. Canas*, 571 N.W.2d at 22–24. While incarcerated for a 1990 sentence, the defendant was arraigned on a 1991 criminal charge. At the arraignment the defendant appeared, entered a not guilty plea, and the court set his bond. "There is no record that he furnished bail at that time." *Id.* at 24. The court ruled:

> In *Harrison*, we held presentence confinement for the second conviction began the day the defendant received a copy of the arrest warrant on the second charge. Here, [the defendant] was arraigned on the second offense before receiving a copy of the arrest warrant. Confinement began when he was arraigned and not released from custody on the second charge.

*Id.* Therefore, under *Canas*, service of an arrest warrant on a defendant is not a prerequisite to starting presentence confinement. Rather, the defendant was confined on the second charge when bond was set at his arraignment, despite the fact he

had not been served with the arrest warrant. *See id.*

Powell's bond was set at $10,000 when the Johnson County District Court issued an arrest warrant on November 29, 2004 and, on that same date, a detainer with notice of the bond was sent to the Des Moines County Sheriff holding Powell. A detainer "is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction." *State v. Wood,* 241 N.W.2d 8, 12 (Iowa 1976). Later, when Powell was transferred from the Des Moines County jail to prison, the Des Moines County Sheriff told Johnson County's Sheriff to transfer Johnson County's "hold" to the prison. This notification by Des Moines County indicates Des Moines County was holding or detaining Powell for Johnson County prior to the prison transfer. We conclude November 29, 2004 is the date when Powell was "detained for the offense of which he ultimately is convicted." *See Walton v. State,* 407 N.W.2d at 591. We agree with the district court when it stated:

> The trigger for the commencement of presentence confinement on a second charge that later results in a concurrent sentence is the point in time when the court has set a bond that is not paid, and there has been notice to the jail and correctional officials who have legal custody of the individual that he or she may not be released.
>
> ... [T]he important point in time was when the jail and correctional officials in Des Moines County were informed that [Mr. Powell] was being held on a Johnson County warrant with a bond set. That date was November 29, 2004.
>
> The State's argument that presentence confinement credit is available only from October 13, 2005 ... is not consistent

with the realities of Mr. Powell's incarceration or with the purposes of presentence confinement credit.... The logical point in the time for commencement of the credit is the date that Mr. Powell's legal status changed from a defendant with one bond to a defendant with two bonds, both of which were required to be posted before his release from custody.

**AFFIRMED.**