# IN THE COURT OF APPEALS OF IOWA

No. 20-1565
Filed March 2, 2022

**WILLIAM JOSEPH RENKEN,**
        Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR
POWESHIEK COUNTY,**
        Defendant.
_____

        Certiorari to the Iowa District Court for Poweshiek County, Rose Anne

Mefford, District Associate Judge.


        William Renken appeals the district court's denial of his motion for jail credit.

**WRIT SUSTAINED AND REMANDED.**



        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.



        Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

William Renken filed a petition for writ of certiorari challenging the district court's denial of his motion for a jail credit under Iowa Code section 903A.5 (2019). Renken contends the district court erred in "failing to order credit for time served in another county."

## I.    *Background Proceedings*

The State filed criminal complaints against Renken in Poweshiek County. The county issued an arrest warrant with a $2000 cash bail requirement. Several weeks later, Renken was taken into custody in Jasper County. He remained there for thirty-eight days.

Renken pled guilty to the Poweshiek County offenses and was sentenced to one-year jail terms with all but fifteen days suspended. The sentencing order stated he would "be given credit for time previously served in connection with this case."

Renken failed to complete his sentence and was notified he had fifteen days of jail time remaining to be served. The district court ordered a bench warrant issued for his arrest. Renken responded by filing a motion for a jail credit. He asserted the original arrest warrant issued in the Poweshiek County case "was a hold on [him] in the event that [he] posted bond on the Jasper County case"; "[o]nce released on the Jasper County case, [he] was taken to Poweshiek County" to face those charges; and, with a credit in the Poweshiek County case for time served in the Jasper County jail, the court should find his sentence served. The State did not resist the application or file Jasper County documents in the Poweshiek County

case.[1]  The district court restated and accepted the facts set forth by Renken but concluded Renken was "not entitled to credit for the time served in the Jasper County Jail while the arrest warrant in this case was pending."

## II.    Jail Credit

Iowa Code section 903A.5(1) states: "If an inmate was confined to a county jail . . . at any time prior to sentencing . . . because of failure to furnish bail . . . the inmate shall be given credit for the days already served upon the term of the sentence."  Renken reprises his argument that, pursuant to this provision, he is entitled "to full credit for all time spent in the Jasper County Jail" up to the point he was transferred to Poweshiek County.  He notes that "[t]he [d]istrict [c]ourt acknowledged the facts as [he] presented them to be but denied him credit."

The district court found (1) Renken "was held in the Jasper County Jail from December 17, 2018 to January 23, 2019"; (2) "[d]uring this entire period of time, a valid arrest warrant was issued for [Renken] in the present case"; and (3) "[t]he arrest warrant from this case was a valid hold in Jasper County, Iowa from December 17, 2018 to January 23, 2019, when [Renken] was transported to Poweshiek County to face the charges there."  Having found the outstanding Poweshiek County arrest warrant with a $2000 cash bond constituted a "valid hold" on Renken in Jasper County, the court was obligated to afford Renken a credit for time served in the Jasper County jail on the sentence imposed in the Poweshiek

---

[1] The appendix includes documents from the Jasper County case.  There is no indication those documents were made a part of the record in this case or that the Poweshiek County court took judicial notice of the Jasper County court file.  We consider those documents only to confirm the undisputed facts asserted by Renken and adopted by the district court.

County case.  Our conclusion flows from our application of section 903A.5(1) to the undisputed facts.  Reviewing for errors of law, we discern no error in the district court's conclusion.

Our opinion could end here, but we feel compelled to address *Powell v. State*, 766 N.W.2d 259, 261–62 (Iowa Ct. App. 2008), cited by both parties. Renken argues the opinion bolsters his request for a credit.  The State agrees but argues the opinion was "incorrectly decided."

In *Powell*, the defendant was being held in Des Moines County when Johnson County issued an arrest warrant and set bail in an unrelated case.  *See* 766 N.W.2d at 260–61.  The arrest warrant in the Johnson County case was not served on the defendant until one year after it was issued.  *Id.*  The parties agreed the defendant was entitled to some days of credit on his Johnson County sentence for time served in Des Moines County, but they disagreed on the number.  *Id.* at 261.  The State argued the defendant could only receive credit for time served in Des Moines County after the Johnson County warrant was served on him.  *Id.* at 262.  We rejected the argument, reasoning "service of an arrest warrant on a defendant is not a prerequisite to starting presentence confinement." *Id.*; *see also State v. Harrison*, 468 N.W.2d 215, 217 (Iowa 1991) (addressing when presentence confinement on second charge began where the defendant was already in prison and concluding presentence confinement for a second conviction began "the day [the defendant] received a copy of the arrest warrant"); *cf. Walton v. State*, 407 N.W.2d 588, 590 (Iowa 1987) (rejecting the defendant's argument that he should receive presentence credit in two cases "for every day of detention

or incarceration on any charge from his arrest in 1979 until resentencing in 1982").

We stated,

> The trigger for the commencement of presentence confinement on a second charge that later results in a concurrent sentence is the point in time when the court has set a bond that is not paid, and there has been notice to the jail and correctional officials who have legal custody of the individual that he or she may not be released.
> . . . .
> . . . . The logical point in the time for commencement of the credit is the date that Mr. Powell's legal status changed from a defendant with one bond to a defendant with two bonds, both of which were required to be posted before his release from custody.

*Powell*, 766 N.W.2d at 263.

*Powell* is indistinguishable from this case in all material respects, and we are not persuaded the holding of *Powell* "is inconsistent with the plain text of section 903A.5(1)," as the State contends.

We sustain the writ and remand for entry of an order confirming Renken's completion of his Poweshiek County sentence.

**WRIT SUSTAINED AND REMANDED.**