# IN THE COURT OF APPEALS OF IOWA

No. 22-0081
Filed December 21, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**GARY LEE JENSEN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Palo Alto County, Charles Borth, Judge.

A defendant appeals his enhanced sentence and the denial of credit for time served. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller (until withdrawal) and Sheryl Soich, Assistant Attorneys General, for appellee.

Considered by Bower, C.J., Tabor, J., and Mullins, S.J.* Buller, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**TABOR, Judge.**

Gary Jensen is a registered sex offender who, by statute, must appear before the sheriff in his home county every three months to verify his residence and other personal information. In December 2021, the Palo Alto County Attorney charged him with a second-offense registry violation, a class "D" felony. *See* Iowa Code §§ 692A.103(1), 108(1)(c), 111 (2021). A month later, Jensen filed a written guilty plea to the felony offense and chose immediate sentencing. The court rejected Jensen's request for probation and sentenced him to a term of incarceration not to exceed five years. It also denied credit for time he served in the Clay County jail. *See id.* § 903A.5(1). Jensen now alleges his sentence was illegal for two reasons: the district court (1) applied a sentencing enhancement with neither a stipulation nor proof of a prior conviction and (2) refused to credit his time in pretrial custody.

Because the record includes no admission to a previous conviction and the State did not prove a prior offense beyond a reasonable doubt, we vacate Jensen's felony sentence and remand for resentencing. We also vacate the order denying jail credit and direct the court to credit Jensen for any days he already served on the term of the Palo Alto sentence under section 903A.5(1).

## I. Facts and Prior Proceedings

Jensen was convicted of lascivious acts with a child in 1993, landing him on the sex-offender registry for life. Because of that conviction, the Code defines him as a tier III offender, compelling him to report to the sheriff's office four times a year. *See* Iowa Code § 692A.102(1)(c)(12). In September 2021, Jensen failed to appear at the Palo Alto Sheriff's Office. The State filed a trial information charging

him with a violation of the sex-offender verification requirement. *See id.* § 692A.108(1)(c). The first violation of that statutes is an aggravated misdemeanor; the second is a class "D" felony. *Id.* § 692A.111(1). In the minutes of testimony, the State alleged that a special agent with the Iowa Division of Criminal Investigation would testify that this violation was Jensen's seventh offense for failure to comply with sex-offender registry requirements. But the minutes did not list those specific offenses.

On a written guilty plea form, Jensen waived his right to a trial "of any kind" and pleaded guilty to the class "D" felony. But the plea form did not mention any previous convictions. The form only included a factual basis for the current failure to appear at the sheriff's office. Jensen also waived the fifteen-day delay before sentencing. Jensen acknowledged that the State would ask for a prison term not to exceed five years; he then jotted on the form that he expected "a contested open sentencing hearing." On the same day, Jensen appeared for sentencing. True to the form, the State recommended Jensen serve an indeterminate five-year sentence. To counter, Jensen requested probation.

The district court sided with the State, imposing the prison term. The five years was to run concurrent with a Clay County sentence that Jensen faced for eluding. Jensen then asked the court to grant him credit for the time he had served in the Clay County jail. The court refused to give Jensen "separate credit" in the Palo Alto County case. Jensen appeals his felony sentence and the denial of credit for time served.

## II. Analysis

We review Jensen's illegal-sentence claims for correction of errors at law. *State v. Petty*, 925 N.W.2d 190, 195 (Iowa 2019). Likewise, we review claims involving the interpretation of a statute or rule for legal error. *State v. Kukowski*, 704 N.W.2d 687, 690–91 (Iowa 2005).

### A. Second-Offense Enhancement

Jensen contends the district court imposed an illegal sentence because the second-offense enhancement under section 692A.111(1) was neither admitted by him nor proven by the State. *See* Iowa Rs. Crim. P. 2.8(2)(b) (requiring the court to determine the plea is made voluntarily and intelligently and has a factual basis); 2.19(9) (outlining the "trial of questions involving prior convictions"). Jensen conceded his September 2021 failure to comply with the registry requirements. But he did not admit any prior offenses that would boost his crime from an aggravated misdemeanor to a class "D" felony. Jensen contends the prosecutor's statements chronicling his prior offenses did not meet the burden of proof. *See State v. Coleman*, 907 N.W.2d 124, 147 (Iowa 2018) ("When a defendant is subject to an enhanced sentence due to prior convictions, the State must prove these prior convictions beyond a reasonable doubt.").

Before reaching the merits of Jensen's claim, we address jurisdiction. Jensen asserts that although he pleaded guilty, his appeal is not foreclosed by Iowa Code section 814.6(1)(a)(3). He submits that his challenge goes to the legality of his sentence and thus falls under the good-cause exception in the statute. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

The State contests Jensen's good cause to appeal his enhanced sentence because he did not move in arrest of judgment to challenge any deficiencies in the proceeding to establish his prior conviction.[1] The State also advances a broader argument that Jensen failed to preserve error under *State v. Harrington*. 893 N.W.2d 36, 43, 45–46 (Iowa 2017) (requiring courts to ensure a factual basis exists to support the admission of prior convictions and requiring offenders to preserve error on defects through a motion in arrest of judgment).

In reply, Jensen insists *Harrington* does not control because he did not stipulate to any prior convictions. *See id.* at 43 (assessing Harrington's claims of deficiency in habitual-offender colloquy).[2] We agree with Jensen. He is not challenging a procedural defect in a colloquy on prior convictions. He did not admit he was previously convicted of a crime subjecting him to an increased sentence. Instead, he is challenging the legality of his enhanced sentence when no prior conviction was admitted or proven. Thus, we find good cause for Jensen's appeal. And, contrary to the State's position, Jensen did not have to preserve error on his sentencing claim. *See State v. Gordon*, 732 N.W.2d 41, 44 (Iowa 2007) ("[H]is enhanced sentence based on his purported habitual-offender status was illegal. As an illegal sentence, it is not subject to normal error preservation rules and can be challenged at any time.").

---

[1] The State cites *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) for this proposition. But *Tucker* addresses good cause for challenging the knowing and voluntary nature of a guilty plea, not a sentencing enhancement.

[2] In *Coleman,* our supreme court saw "no reason for treating a second offense enhancement under Iowa Code section 692A.111 different from our rules governing the habitual offender enhancement given that both enhancements result from the defendant's admission to prior convictions, thereby leading to increased sentences." 907 N.W.2d at 147.

Turning to the merits, Jensen highlights the State's failure to prove that he had a qualifying prior conviction. Despite that failure of proof, the district court imposed the felony sentence. Lacking either a stipulation or proof of the prior offense, according to Jensen, the felony sentence was not permitted by section 692A.111(1) and was thus illegal. *See State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000) ("An illegal sentence is one that is not permitted by statute.").

The State tries to frame the issue differently. It argues that the prior offense was an element of the sex-abuse registry violation and not a habitual-offender enhancement.[3] From there, the State claims "the appropriate analysis is whether there is a factual basis for that element." But the State's argument overlooks *Coleman*, 907 N.W.2d at 147, which equates section 692A.111(1) with other habitual-offender enhancements subject to Iowa Rule of Criminal Procedure 2.19(9). Thus, to enhance Jensen's sentence, the State needed to follow that rule. And it did not.

Although the State does not focus on the written plea form, Jensen acknowledged there that he was pleading guilty to a class "D" felony. That's it though. He did not affirm that he had been previously convicted of a qualifying offense under section 692A.111(1).[4] That bare-bones reference to a felony in the

---

[3] To bolster its framing, the State cites *State v. Love,* No. 17-0316, 2017 WL 6033867, at *2 n.3 (Iowa Ct. App. Dec. 6, 2017). But that unpublished decision is not instructive because it examined a plea to third-degree theft—a crime defined as taking property exceeding $1000 in value *or* taking property exceeding $500 in value by *someone who has before been twice convicted of theft. See* Iowa Code § 714.2(3).

[4] His written plea is less comprehensive than the agreement in *State v. Mosley*, where the defendant admitted that she had "previously been convicted of a violation of chapter 124" and "twice been convicted of possession of marijuana." No. 20-0175, 2021 WL 4889070, at *3 (Iowa Ct. App. Oct. 20, 2021).

plea form does not work as a stipulation, nor does it suffice to prove a prior offense beyond a reasonable doubt. Without Jensen's stipulation or proof as required in rule 2.19(9), he should not have faced an increased sentence. In the end, "[n]either party may rely on a plea agreement to uphold an illegal sentence." *Woody*, 613 N.W.2d at 218.

The next question is what remedy to impose. Jensen urges us to vacate his felony sentence and remand for resentencing on the aggravated misdemeanor. He contends "because the State already had a chance to present proof and failed to do so, it should not be rewarded with a second opportunity." The State bristles at Jensen's call for that "extraordinary remedy" and maintains that we should not reward him for sitting silently at the sentencing hearing, then raising a new issue on appeal—what the State calls "sandbagging." Yet Jensen's contention mirrors the remedies imposed by our supreme court in *Gordon* and *Woody*. *See* 732 N.W.2d at 44–45; 613 N.W.2d at 218. It was the State's burden to prove beyond a reasonable doubt that Jensen had a prior conviction that would trigger the enhancement under section 692A.111(1). Jensen's silence did not excuse the State from meeting that burden. "[T]he prosecution is not entitled to a second bite of the apple to remedy its failure of proof." *Gordon*, 732 N.W.2d at 44–45. Because the record does not support a finding that this was Jensen's second offense under section 692A.111(1), we must vacate his sentence and remand for resentencing on the aggravated misdemeanor.

### B. Jail Credit

Jensen next contends that the district court erred in denying him credit for time served in the Clay County jail toward his sentence on the Palo Alto County

conviction. For support, he cites Iowa Code section 903A.5(1) and Iowa Rule of Criminal Procedure 2.26(1)(f). Here's that statute's relevant language: "If an inmate was confined to a county jail . . . at any time prior to sentencing . . . because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence." Iowa Code § 903A.5(1). And the related rule provides: "The defendant shall receive full credit for time spent in custody on account of the offense for which the defendant is convicted." Iowa R. Crim. P. 2.26(1)(f).

Jensen argues that under these authorities, he is entitled to credit for the number of days that he was detained for the offense for which he was ultimately convicted. *See Powell v. State*, 766 N.W.2d 259, 263 (Iowa Ct. App. 2008) (agreeing that "trigger for the commencement of presentence confinement on a second charge that later results in a concurrent sentence is the point in time when the court has set a bond that is not paid"). Jensen points to several orders showing that "he spent some time in Clay County with a bond in place related to the case at bar." But he acknowledges the record does not reveal when his custody on the Palo Alto charge began. He recommends a remand for further proceedings to determine the days of jail credit to which he is entitled.

In its appellee's brief, the State concedes that if Jensen "spent time in Clay County held on the charge at issue in this appeal, he may be correct that the district court erred in denying credit served." But the State urges that the record is inadequate to calculate how many days, if any, Jensen spent in the Clay County jail on the Palo Alto charge. In the State's view, Jensen should file a new motion to correct illegal sentence in the district court.

We agree that Jensen is entitled to jail credit from the date when the court set bond in the Palo Alto case that was not paid and the Clay County jail officials had received notice that he could not be released from custody without posting that bond. *See id.* at 262. As for the extra step suggested by the State, we find a new motion unnecessary. Because we are remanding for resentencing, Jensen should have the chance to make his case for jail credit at that hearing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Bower, C.J., concurs; Mullins, S.J., dissents in part.

**MULLINS, Senior Judge** (concurring in part and dissenting in part).

I concur in the part of the majority opinion that requires the district court to give credit for time served in county jail. I respectfully part with the majority on the remainder of the opinion and would dismiss the appeal as to the remainder of the claims Jensen characterizes as sentencing challenges because I find those claims are actually challenging the conviction following his guilty plea. He has no right to raise those challenges on appeal, so we do not have jurisdiction of those claims. *See* Iowa Code § 814.6(1)(a)(3) (2021).

Jensen was charged with second-offense failure to comply with registry requirements, identified in the trial information as a class "D" felony.[5] The minutes of evidence state "this is Jensen's seventh offense for Failure to Comply, making this offense a Class D Felony." He pled guilty per written guilty plea to the crime of failure to comply with sex offender registry, a class "D" felony. The plea recites: "My attorney has informed, counseled and advised me at length as to the nature and cause of each accusation against me as set forth in the trial information and as to any possible defenses I might have in this case."

At the hearing set for accepting the written guilty plea and entering judgment and sentence, the county attorney explained:

> [Jensen] also has failure to register as a sex offender in Clay County. That was from 2002, and that was a conviction. And he has some—another failure to register out of Humboldt County for which he was sent to Oakdale. He also has a failure to register out of Webster County. That was a felony conviction, and that was in 2006. He also has a sex offender registry out of—another one out of Webster County. And he also has another conviction out of Bremer County for violation of sex offender registry.

---

[5] A first offense is classified as an aggravated misdemeanor. *See* Iowa Code § 692A.111(1).

After defense questioned the Bremer County conviction, the court stated, "I'll short-circuit it. In lieu of the numerous other convictions, I'll just disregard the conviction in Bremer County." During Jensen's allocution, he did not challenge any other prior convictions. Later, the court stated:

> The court takes into account the defendant's lengthy criminal record including multiple convictions for failure to register as a sex offender. The court understands what the defendant is telling me regarding the most recent logistical issues with registering. Unfortunately for the defendant, that's not an excuse. And the court does not find that to be grounds to grant probation. *It is therefore the judgment of the court that the defendant is hereby convicted of the crime of failure to register as a sex offender, second or subsequent offense, a class D felony . . . .*

(Emphasis added.)

Based on the written guilty plea and the facts before the court, as presented by the county attorney and not disputed by Jensen, the record is clear the court found him guilty of a second or subsequent offense failure to register as a sex offender, entered judgment, and sentenced him accordingly. Although the written judgment entry follows the sentence that was orally pronounced, it fails to specifically state the judgment of conviction was as a second or subsequent offense. But that is of little consequence because "[a] rule of nearly universal application is that 'where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls.'" *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) (citation omitted). It seems clear the same rule applies to oral pronouncement of judgment.

The majority opinion concluded that Jensen did not stipulate or admit to being a second offender; the State did not prove beyond a reasonable doubt he

was a second or subsequent offender; and, in the absence of either of those, the court erred by sentencing Jensen as a second or subsequent offender. But, in my opinion, the majority's conclusion requires a finding that the judgment of conviction was in error. The judgment of conviction is a separate and distinct step from imposition of sentence; imposition of sentence follows the judgment of conviction.

The majority cites *State v. Gordon*, 732 N.W.2d 41, 43 (Iowa 2007), a case in which our supreme court found the record clearly showed the defendant was *not* a habitual offender. Based on that affirmative finding, the court remanded for resentencing without an habitual offender enhancement. Similarly, in *State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000), the defendant pled guilty to a felony and admitted to being a habitual offender based on previous convictions. And, like in *Gordon*, the record of prior offenses did not support a conclusion he was a habitual offender. The court remanded for resentencing. In both of those cases, the record affirmatively showed as a matter of law, the prior offenses of the defendants did not satisfy the requirements of the habitual offender statute. *See* Iowa Code § 902.8. I also find *State v. Kukowski*, 704 N.W.2d 687 (Iowa 2005) distinguishable. Kukowski appealed his judgment and conviction of third-offense operating while intoxicated (OWI). The court reversed the judgment and remanded for resentencing. The reversal and remand were based on defects in the district court's application of Iowa Rule of Criminal Procedure 2.19(9), which provides procedures in a trial of questions involving prior convictions.

Based on this record, I think *Gordon* and *Woody* are distinguishable. As I read those cases, in each, there was *no record* to support the habitual offender

status.  As I look at *Kukowski,* the reversal was to the judgment and conviction of third-offense OWI and remand for resentencing.

Significantly, and perhaps even more on point, those cases were decided before the legislature took away our jurisdiction to hear a direct appeal of a conviction arising out of a guilty plea.  *See* Iowa Code 814.6(1)(a)(3).  Our supreme court has interpreted the statute to allow appeals challenging a sentence following a guilty plea, but not as to the judgment of conviction following the plea.  *See, e.g.*, *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).  In Jensen's case, there is a record that was made at the time the court entered the judgment of conviction and sentence, and it is not challenged by Jensen.  His characterization that his challenge is to the sentence only misses the subtle but distinct character of the court proceeding that led to imposition of sentence.  The sentence itself is in fact the proper sentence for the judgment of conviction that was entered.

Jensen's challenge is to the adequacy of the factual basis for his plea and resulting judgment of conviction.  It cannot be raised as a sentencing challenge. We have repeatedly "concluded that a defendant challenging the factual basis to support a plea lacks good cause to appeal."  *State v. Janvrin*, No. 21-1271, 2022 WL 4361856, at *1 (Iowa Ct. App. Sept. 21, 2022) (collecting cases).  Jensen must first challenge the judgment of conviction.  I submit that under section 814.6(1)(a)(3), we cannot on direct appeal consider the adequacy of record made before pronouncement of the judgment of conviction.  Thus, the proper course of action—the only course of action—for Jensen is to challenge the judgment of conviction, a challenge he cannot make on direct appeal.

I would simply vacate the sentence imposed due to the jail-credit error and remand for the entry of a corrected sentencing order granting credit for time served. *See State v. McLachlan*, 880 N.W.2d 513, 516 n.5 (Iowa Ct. App. 2016) (discussing the utility of corrected sentencing orders being issued by the district court even though the appellate court has finally resolved the issue).