# IN THE COURT OF APPEALS OF IOWA

No. 24-0970
Filed August 20, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PADRE LESUER LEONARD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, Judge.

A defendant challenges the calculation of his presentence credit for time served. **DISTRICT COURT JUDGMENT AFFIRMED; WRIT ANNULLED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**TABOR, Chief Judge.**

Padre Leonard contests the calculation of his credit for time served under Iowa Code section 903A.5 (2023). Because the district court accurately determined his days of credit under that statute, we reject his challenge.

## I.      Facts and Prior Proceedings

Despite his felony conviction in Alabama, Leonard had a handgun in the cab of his semi-truck when the Iowa State Patrol stopped him on I-35 in Warren County. The trooper also found a small amount of marijuana. The State charged Leonard with being a felon in possession of a firearm, as well as possession of marijuana and traffic offenses. Leonard posted bail on February 18, 2022.

Seven months later, on September 27, 2022, Leonard reached a deal with the State: he pleaded guilty to being a felon in possession, and the State dismissed the other charges. The deal also provided for his indeterminate five-year sentence "to run concurrent to Alabama prison term arising from Lee County, Alabama—case number CC1998-000308, prison term to be completed in Alabama."

Leonard opted for immediate sentencing that same day and waived his presence. The district court ordered Leonard's indeterminate five-year sentence to run concurrent "with the sentence in Lee County Alabama case number CC1998-00308." The order also noted that, under section 903A.5, Leonard would receive "credit for all time served in connection with this case."

On January 11, 2023, Leonard received parole in Alabama. Over a year later, the Warren County Attorney sought a warrant for Leonard's arrest so that he could serve the rest of his Iowa prison sentence. Leonard moved to quash the warrant, alleging that the Iowa plea agreement mandated that he serve his prison

term in Alabama. Leonard also moved for credit for his time served in Alabama under Iowa Code section 903A.5.

In April 2024, the district court held a hearing on Leonard's motions. The State asserted that Leonard was entitled to credit for 106 days—from the Iowa sentencing on September 27, 2022, until his release from custody in Alabama on January 11, 2023. The State explained why Leonard was not entitled to credit for the time before sentencing: "So he was out on bond as of February of 2022. At some point he went back to prison in Alabama, but he was not being held in Alabama on our charges. He was out on bail."

The district court agreed with the State and limited Leonard's credit for time served to 106 days. Leonard appeals that ruling. In his appellant's brief, Leonard argued that the district court erred in calculating the credit for time served under section 903A.5. The State replied with a jurisdictional challenge, contending that section 903A.5 did not grant an appeal as a matter of right.

Our supreme court agreed with the State and treated Leonard's notice of appeal and appellant's brief as a petition for writ of certiorari. *See* Iowa Rs. App. P. 6.107(1), 6.151. From there, it ordered that the petition for writ of certiorari be submitted with the appeal. We grant the writ of certiorari to review the accuracy of the district court's calculation.

## II.     Scope and Standard of Review

We review certiorari actions for the correction of errors at law. *K.C. v. Iowa Dist. Ct.*, 6 N.W.3d 297, 301 (Iowa 2024). Whether Leonard is entitled to credit for time served "is a matter of statutory construction and application." *Powell v. State*, 766 N.W.2d 259, 261 (Iowa Ct. App. 2008). "Statutory construction involves

questions of law that we review without deference to the trial court." *Id.* (citation omitted).

### III.    Analysis

Leonard contends that he is entitled to 273 days of credit for time served—counting from April 13, 2022, when he was taken into the custody of the Alabama Department of Corrections, until his release on January 11, 2023.[1]  In response, the State argues that under section 903A.5 Leonard is not entitled to time he spent incarcerated on an unrelated offense.  *See Walton v. State,* 407 N.W.2d 588, 591 (Iowa 1987).  According to the State, because he posted bail on the Iowa offense in February 2022, he was not entitled to credit for his time spent incarcerated in Alabama from April 2022 until his Iowa sentencing in November 2022.

In settling the parties' dispute, it's best to start with the statute:

> 1. An inmate shall not be discharged from the custody of the director of the Iowa department of corrections until the inmate has served the full term for which the inmate was sentenced. . . .  An inmate shall be deemed to be serving the sentence from the day on which the inmate is received into the institution.  If an inmate was confined to a county jail, municipal holding facility, or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence. . . .
> 2. . . . [A]n inmate may receive credit upon the inmate's sentence while incarcerated in an institution or jail of another

---

[1] Beyond its jurisdictional challenge, the State argues that Leonard did not preserve error on his appellate claim because he "never told the [district] court the number of days he was requesting the court to credit him."  We find Leonard's motion seeking credit for time served in Alabama was sufficient to raise the issue addressed on appeal.  *See L.F. Noll, Inc. v. Premiere Bus. Sols., LLC*, 988 N.W.2d 430, 436 n.6 (Iowa Ct. App. 2022) (finding district court necessarily considered and ruled on the issue raised on appeal).

jurisdiction during any period of time the person is receiving credit upon a sentence of that other jurisdiction.

Iowa Code § 903A.5.

Leonard emphasizes the language from the written plea agreement that the concurrent prison term was "to be completed in Alabama." But at the hearing on Leonard's motion, the county attorney explained why that did not happen: "The State's understanding was that Mr. Leonard was going to be incarcerated for some time down in Alabama. The fact is, he got out too early and now he owes the remainder of the time, and that's why we filed the motion for the warrant."

The language in the plea agreement is beside the point. What's important is the language in section 903A.5. True, an Iowa inmate may receive credit for time incarcerated out of state. Iowa Code § 903A.5(2). But—to be entitled to that credit—the inmate must have been detained on the offense for which he was convicted and sentenced. *See Powell*, 766 N.W.2d at 262. Leonard was not. He posted bail on the Iowa offense. Under section 903A.5(1), "the presentence incarceration must have resulted from the 'failure to post bail under the present charge.'" *Id.* Thus, the district court acted properly in finding Leonard was not entitled to credit for time served in Alabama before his sentencing date in Iowa.

On certiorari review, we examine the district court's jurisdiction and the legality of its actions. *Pfister v. Iowa Dist. Ct.*, 688 N.W.2d 790, 794 (Iowa 2004). Because the district court correctly calculated Leonard's credit, we affirm its ruling and annul the writ.

**DISTRICT COURT JUDGMENT AFFIRMED; WRIT ANNULLED.**